**Kenneth Dale MARTIN, Plaintiff,**

v.

**AMERICAN EMPLOYERS' INSURANCE COMPANY, Defendant.**

**Civ. A. No. S86–0653(NG).**

United States District Court, S.D. Mississippi, S.D.

April 13, 1987.

Gary White, Gulfport, Miss., for plaintiff.

Dorrance Aultman, Thomas D. McNeese, Tim W. Lindsay, Hattiesburg, Miss., for defendant.

## ORDER

GEX, District Judge.

This matter is before the Court on Plaintiff's Application for Review of an Order filed in this cause by a Magistrate on December 24, 1986. The Order granted, in

part, Plaintiff's Motion to Compel the production of certain correspondence contained in Defendant's claims file. Aggrieved by the Magistrate's finding that Defendant waived its right to assert the attorney-client privilege with respect to only two of the numerous letters it submitted to the Magistrate for *in camera* inspection, Plaintiff seeks to have the Order set aside and its Motion granted as to the remainder of the documents.

## I. Factual and Procedural History

Plaintiff was injured in June of 1983 when he fell from a ladder and injured his right knee during the performance of his duties on the premises of his employer. Defendant is the workers compensation carrier for the employer. Although the first physician Plaintiff consulted believed the condition of Plaintiff's knee would improve with time, when it did not, Plaintiff consulted a second physician in January, 1984, who diagnosed the condition as chronic recurrent infrapatellar bursitis, which required surgical removal. Surgery was performed in February and Plaintiff was determined to have reached maximum medical recovery on April 25, 1984. Plaintiff's attempts to resume work activities proved unsuccessful, however, and further surgery was performed in September to remove another bursa. Plaintiff was discharged to return to work on October 1, 1984.

Prior to the time of Plaintiff's second surgery, Plaintiff filed a Petition to Controvert his claim with the Mississippi Workers Compensation Commission (MWCC) on March 6, 1984. Thereafter, discussions between Plaintiff's counsel and Donna Davis, a claims adjustor for Defendant, ensued in an attempt to settle Plaintiff's entire claim. Although the parties could not reach agreement on the length of Plaintiff's temporary total disability, the parties did ultimately agree to two separate time periods in which Plaintiff should be considered temporarily totally disabled, *viz.*, from January 18, 1984, through April 25, 1984, and from September 13, 1984 through September 30, 1984. Several letters exchanged between Plaintiff's counsel and Davis evidence this agreement. On January 16, 1985, Defendant's counsel sent Plaintiff's counsel a letter stating:

This is to advise you I have requested Commercial Union Insurance Company to pay directly to you the benefits that apparently are not in dispute at this time.

By transmittal letter dated January 30, 1985, however, Defendant paid only the benefits for the second period of disability.

On January 13, 1986, nearly one year later, Plaintiff agreed to accept $5,000.00 in settlement of his workers compensation claim. An order approving the payment was entered by MWCC on January 22, 1986. Accompanying Defendant's check to Plaintiff for $5,000.00 was a release which purported to bar all claims Plaintiff might have under the Mississippi Workers Compensation Act "or otherwise." Plaintiff declined signing the release as drafted but instead revised it so as to reserve a cause of action for intentional withholding of workers compensation benefits. Defendant rejected this revised release and requested the check to be returned. In an effort to collect the $5,000.00, Plaintiff eventually obtained an Order from the County Court of Harrison County, Mississippi, dated June 24, 1986, which limited the release, subsequently signed by Plaintiff, solely to the workers compensation claim.

Plaintiff's present action seeks damages for Defendant's alleged intentional refusal to pay temporary total disability benefits for the period from January 18, 1984, through April 25, 1984, and also for Defendant's alleged tortious breach of the settlement agreement. Plaintiff propounded a comprehensive request for production of documents which sought the production of Defendant's claims file (pertaining to Plaintiff's claim) compiled subsequent to the date of the accident. Plaintiff requested, *inter alia*, all inter-office memoranda, investigative reports and written communications—including those existing between Defendant and its counsel—relative to De-

fendant's non-payment of benefits for Plaintiff's first period of temporary disability. In response, Defendant produced the majority of its claims file but excepted those portions which it believed fell within the scope of protection afforded by the attorney-client privilege or were otherwise privileged. Included in Defendant's production of documents were letters from Defendant's claims department to Defendant's counsel, dated April 3, 1984, April 11, 1984 and April 12, 1985, which discuss and review their handling of Plaintiff's claim. The April 12, 1985, letter references receipt of a letter Defendant's counsel sent the claims department dated March 25, 1985.

Because Defendant did not produce letters from its counsel, Plaintiff filed a Motion to compel their production. Once the subject letters were submitted to the Magistrate for *in camera* inspection, the Magistrate found that the Defendant waived its right to assert the attorney-client privilege as to two letters from Defendant's counsel to claims adjustor Donna Davis dated April 11, 1984, and April 13, 1984, on the basis of Defendant's previous voluntary disclosure to Plaintiff of the aforementioned April 3, 1984, and April 11, 1984, letters from Davis to Ruffin which the Magistrate determined to be "contemporaneous in time" and "substantially related in subject matter." Plaintiff contends in its Application for Review that the Magistrate erred in not ordering the production of other letters written by Defendant's counsel to Defendant which were submitted to the Magistrate for his inspection; specifically, Plaintiff seeks the production of correspondence dated on or about January 16, 1985, and March 25, 1985.

## II. Law and Analysis

Under Rule 72(a) of the Federal Rules of Civil Procedure, upon timely objection, the district judge is directed to modify or set aside any portion of the Magistrate's Order found to be clearly erroneous or contrary to law.

## A. Privilege Or Not

■ As the case *sub judice* is a diversity action as to which State law supplies the rule of decision, Mississippi law is determinative of the attorney-client privilege issue now before the Court. Rule 501, Federal Rules of Evidence. In *Barnes v. State*, 460 So.2d 126, 131 (Miss.1984), the Mississippi Supreme Court described the privilege as "relat[ing] to and cover[ing] all information regarding the client received by the attorney in his professional capacity and in the course of his representation of the client. Included are communications made by the client to the attorney and by the attorney to the client." *Accord, Wells v. Rushing*, 755 F.2d 376, 379 n. 2 (5th Cir.1985), *reh'g den'd* 760 F.2d 660 ("The privilege protects communication from the client to the attorney made in confidence for the purpose of obtaining legal advise. (citations omitted). It shields communication from the lawyer to the client only to the extent that these are based on, or may disclose, confidential information provided by the client or contain advice or opinions of the attorney. (citations omitted).").

In *Upjohn Co. v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981), the Supreme Court characterized the purpose of the attorney-client privilege.

The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law. 8 Wigmore, Evidence Section 2290 (McNaughton Rev.1961). Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer being fully informed by the client. As we stated last term in *Trammel v. United States*, 445 U.S. 40, 51, 100 S.Ct. 906, 913, 63 L.Ed.2d 186 (1980), "the attorney-client privilege rests on the need for the advocating counselor to know all that relates to the client's reasons for

seeking representation if the professional mission is to be carried out." And in *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976), we recognized the purpose of the privilege to be "to encourage clients to make full disclosures to their attorneys."

Application of the privilege is a question of fact to be determined in the light of the purpose of the privilege and guided by judicial precedents. The party who invokes the privilege bears the burden of demonstrating its applicability. *Hodges, Grant & Kaufmann v. U.S. Government*, 768 F.2d 719, 721 (5th Cir.1985).

The Court has reviewed the subject letters submitted to the Magistrate for his inspection and concludes, consistent with the authoritative guidelines set out above, that the information contained therein was—except insofar as any underlying facts were concerned—indeed within the scope of protection afforded by the attorney-client privilege. The Court next addresses whether the disclosures contained in Defendant's initial document production or other correspondence with Plaintiff's counsel constituted a waiver of that protection.

*B. Waiver*

 Although the Court agrees with the Magistrate's conclusion that Defendant waived[1] the privilege with respect to the letters from Defendant's counsel to claims adjustor Davis dated April 11, 1984, and April 13, 1984, the rationale for which is discussed more fully below, the basis for its conclusion may be distinguished. The Magistrate based his determination on cri-

teria contained in *United States v. Woodall*, 438 F.2d 1317, 1324 (5th Cir.1971) (en banc), *cert. den'd*, 403 U.S. 933, 91 S.Ct. 2262, 29 L.Ed.2d 712 (1971), where waiver was held to have occurred when a criminal Defendant asserted a lack of knowledge as to the consequences of a sentence in an attempt to explain and invalidate an earlier guilty plea. Waiver was thus effected by virtue of the Defendant's affirmative or positive use of information privy to his attorney for purposes of attack rather than as a means of defense. *See Hyde Construction Co. v. Koehring Co.*, 455 F.2d 337, 342–43 (5th Cir.1972). In contradistinction, albeit fine, here Defendant merely responded to Plaintiff's request for production. In so doing, however, Defendant furnished, *inter alia*, the aforementioned letters from Defendant's claims department to Defendant's counsel dated April 3, 1984, and April 11, 1984, which contained material confidential communications concerning the position Defendant was formulating with respect to the merits of Plaintiff's claim. "[D]isclosure of any significant portion of a confidential communication waives the privilege as to the whole." *United States v. Davis*, 636 F.2d 1028, 1043 n. 18 (5th Cir.1981); *United States v. El Paso Co.*, 682 F.2d 530, 538 (5th Cir.1982). *Also see International Tel. & Tel. Corp. v. United Tel. Co.*, 60 F.R.D. 177, 185 (M.D. Fla.1973) ("[A] party may not insist upon the protection of the privilege for damaging communications while disclosing other selected communications because they are self-serving."). The Court thus determines that Defendant's disclosure of its April 3, 1984 and April 11, 1984, correspondence[2]

---

1. The Court is mindful of one of the well-established tenets relating to the attorney-client privilege which holds that just as the client alone may hold and invoke the privilege, only he may waive it. *See Bennett v. State*, 293 So.2d 1, 5 (Miss.1974); Caraway & Currie, *Privileges* 48 Miss.L.J. 989, 1028–31 (1977). For purposes of the following discussion, however, the Court indulges in the necessary presumption that Defendant's counsel possessed the authority to represent and, consequently bind, his client to the actions counsel took while conducting the litigation and endeavoring to advance his client's interest. *Terrain Enterprises, Inc. v. Western*

*Cas. and Sur. Co.*, 774 F.2d 1320, *reh'g den'd* 778 F.2d 790 (5th Cir.1985); *Sears, Roebuck & Co. v. Devers*, 405 So.2d 898 (Miss.1981). Indeed, Defendant's initial invoking of the privilege occurred by and through its counsel in the response to Plaintiff's request for production.

2. The Court notes that inasmuch as this correspondence contained privileged information, Defendant could have exercised the option of either excising the protected passages itself prior to disclosure or submitting same to the Magistrate for his review.

with its attorney amounted to a waiver of the privilege as to the attorney's letters to the Defendant dated April 11, 1984, and April 13, 1984.

The Court employs the same rationale for its finding that Defendant waived its right to assert the privilege with regard to the remaining correspondence[3] Defendant submitted to the Magistrate for his *in camera* inspection. The Court is satisfied that these letters encompass the same subject matter covered in Defendant's April 3, 1984, April 11, 1984 and April 12, 1985, letters to its attorney, namely the issue of Defendant's payment of temporary disability benefits to Plaintiff, so that Defendant's waiver extended to these items of correspondence[4] as well. Accordingly, the Magistrate's failure to grant Plaintiff's Motion to Compel as to these documents was contrary to law.

 Finally, the Court finds that an additional, related ground exists to support its finding of waiver as to one specific letter. As mentioned hereinabove, on January 16, 1985, Defendant's counsel wrote Plaintiff's counsel concerning the former's request to his client that benefits not in dispute be paid forthwith. Defendant's counsel's letter of the same date to Defendant's claims department contains this advice. Although the public disclosure of facts which underlie a confidential communication protected by the attorney-client privilege does not destroy the privilege with respect to that communication about those facts, the disclosure of an otherwise privileged communication to a third person—particularly an opposing litigant—eliminates the intent for confidentiality on which the privilege rests. *United States v. El Paso Co., supra,* at 538–39 n. 10; *Hodges, Grant & Kaufmann v. U.S. Government, supra* at 721. Accordingly, assuming the privilege even extended to this letter, this circumstance effected its waiver.

Therefore, having now found that Defendant's waiver extended to the letters described in footnote 3 above and that the Magistrate's failure to so find was contrary to law, it is, hereby,

ORDERED AND ADJUDGED that the hereinabove referenced letters shall be made available to the Plaintiff for copying and inspection within ten (10) days from the date hereof.

---

3. These are letters from Defendant's counsel to Defendant dated January 16, March 25, May 9, August 13 and November 11, 1985.

4. An examination of these letters reveals, moreover, a substantial amount of a factual content not protected by the privilege.