**Mollie Ann DUNN, Plaintiff,**

v.

**STATE FARM FIRE & CASUALTY COMPANY, Defendant.**

**No. WC87–39–B–D.**

United States District Court,
N.D. Mississippi, W.D.

Nov. 17, 1988.

See also 711 F.Supp. 1359.

Grady F. Tollison, Jr., Oxford, Miss., for plaintiff.

Guy T. Gillespie, Robert H. Faulks, Oxford, Miss., for defendant.

## MEMORANDUM OPINION

BIGGERS, District Judge.

The court has before it the defendant's motion for summary judgment or, alternatively, partial summary judgment. Having considered the parties' memoranda and being otherwise fully advised of the premises, the court is in a position to rule on the merits.

### I.

In this suit Mollie Ann Dunn seeks to recover insurance proceeds for the fire loss to a house in New Albany, Mississippi. Mollie Dunn owned the house with her husband, Melvin Dunn, as tenants by the entirety, subject to a deed of trust held by the People's Bank and Trust. The Dunns insured the house for $37,400.00 and insured its contents for $18,700.00 with State Farm Fire and Casualty Company [State Farm].

In December, 1986, the Dunns separated and Mrs. Dunn and her children moved to Houston, Mississippi. On February 2, 1986, a Sunday, Mrs. Dunn returned to the New Albany house and removed her belongings from it. The following Monday the house burned. State Farm paid $35,-000.00 the Dunns owed on the deed of trust to People's Bank and Trust Company and People's Bank and Trust Company assigned the Dunns' deed of trust to State Farm.

On February 10, 1986, State Farm's adjuster learned from the New Albany Police Department that Melvin Dunn confessed to intentionally burning the house. On September 5, 1986, the Union County Circuit Court convicted Melvin Dunn of arson.

When State Farm began investigating the Dunns' loss, its adjuster gave Mollie Dunn a $500.00 check made payable to Melvin and Mollie Dunn. Mollie Dunn signed her name and Melvin's name on the check and cashed it. Later Mollie Dunn filed a claim with State Farm for her interest in the house and her share of the remaining contents of the house. State Farm asserts that during their investigation of Mollie Dunn's claim, she did not disclose some of her indebtedness, overvalued her loss of contents in the house, and claimed some items which were not in the house when it burned.

State Farm denied Mollie Dunn's claim, because of these alleged misrepresentations and because it believed she consented to her husband's arson. State Farm believed Mollie Dunn had agreed to the arson because it considered the Dunn's separation a pretext for pursuing separate insurance claims. State Farm points out that the Dunns initially pursued their insurance claim jointly and shortly after the fire the Dunns began living together and sharing expenses. State Farm also believed Mollie Dunn knew where her husband poured flammable liquid in the house to burn it because she identified the area in their house in which arson investigators had found evidence of flammable liquids.

Mollie Dunn contests State Farm's assertions and claims that State Farm denied the claim in bad faith and thereby breached a fiduciary duty and duty to act in good faith. Mollie Dunn also claims State Farm converted her interest in her house by taking an assignment of the Dunns' deed of trust.

## II.

Almost a year after State Farm denied Mollie Dunn's claims, the Mississippi Supreme Court decided *McGory v. Allstate Insurance Co.*, 527 So.2d 632 (Miss.1988). In *McGory*, the court reasoned that arson was akin to fraud and, therefore, arson must be proved by clear and convincing evidence. The court also held, absent a non-severability clause in the insurance contract, an innocent spouse could recover her interest in insured property despite her husband's arson. The court concluded that an insurer could deny insurance proceeds to both husband and wife if the insurer could prove the wife consented to or ratified her husband's arson. *Id.*

Since State Farm has the burden of proving this defense at trial, in order to succeed on its motion for summary judgment it must show there is no material issue of fact on the allegation that Mrs. Dunn conspired with her husband to commit arson or ratified his criminal act. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265, 273 (1986). As the court addresses this issue, it must draw any reasonable inferences from the underlying facts in favor of Mollie Dunn. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176, 177 (1962). Similarly, State Farm has the burden of proving Mollie Dunn made a material misrepresentation during State Farm's investigation of her claim. In order to establish this defense, State Farm must show that Mollie Dunn wilfully and knowingly made misstatements of fact which affected the amount of proceeds she would receive or that her misstatements affected the validity of her claim. *Clark v. Aetna Casualty & Surety Co.*, 778 F.2d 242, 245 (5th Cir.1985); *Watkins v. Continental Insurance Co.*, 690 F.2d 449, 452 (5th Cir. 1982).

State Farm relies upon undisputed facts to base its conclusion that Mollie Dunn participated in her husband's plan to burn her home. Mollie Dunn, however, disagrees with the inferences State Farm raises from these facts and she contests the conclusion State Farm reached. The importance of Mollie Dunn's misstatements and her intent to deceive State Farm is an issue of fact which the trier of fact must decide. Even though State Farm believes that the inferences are strong enough to support its conclusion that Mollie Dunn made material misrepresentations during its investigation, "on a summary judgment the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to" Mollie Dunn. *United States v. Diebold, Inc.*, 369 U.S. at 655, 82 S.Ct. at 994. Since different inferences can be drawn from the underlying facts, State Farm is not entitled to summary judgment on Mollie Dunn's insurance claim.

### III.

■ Additionally, State Farm asks the court to dismiss Mollie Dunn's claim that State Farm converted her equitable interest in her home when it took an assignment of the Dunn's deed of trust from People's Bank and Trust Company. The Dunns owed $35,000.00 on a note with People's Bank and Trust which was secured by a deed of trust on their house. State Farm paid People's Bank and Trust Company the amount the Dunns owed as required by state law. *See* Miss.Code Ann. § 83–13–9 (1972). People's Bank and Trust Company, in turn, assigned its interest in the Dunns' deed of trust to State Farm.

State Farm was entitled to take this assignment after it paid off the mortgagee. Mollie Dunn merely held an undivided half interest in the house and was jointly and severally liable on the note secured by the deed of trust. Even if Mollie Dunn prevails on her insurance claim, she is only entitled to one-half the insurable interest in the Dunn's house, or $18,700.00. Since Mollie and Melvin Dunn are jointly and severally liable on the note, State Farm can seek recovery from either Melvin or Mollie Dunn. Because State Farm paid the mort-

gagee more than the equity Mollie Dunn had in her house before it took the bank's assignment, State Farm did not convert Mollie Dunn's interest in her house. As a result, this claim will be dismissed.

### IV.

■ Mollie Dunn claims that State Farm denied her insurance claim in bad faith and thereby breached a fiduciary duty and duty to act in good faith it owed to Mollie Dunn. An insurer's fiduciary duty relates to the company's duty to defend the insured against claims of third parties. *Hartford Accident & Indemnity Co. v. Foster*, 528 So.2d 255 (Miss.1988). Consequently, an insurer's fiduciary duty does not apply to this case.

An insurer's duty to act in good faith prohibits the insurer from denying a claim in bad faith. The insured has the burden of establishing her claim for bad faith denial of her insurance claim. To prove this, Mollie Dunn must show that State Farm had no arguable reason to deny her claim *and* that State Farm maliciously denied her claim or was callous or grossly negligent in adjusting her claim. *State Farm and Casualty Co. v. Simpson*, 477 So.2d 242, 250 (Miss.1985); *Blue Cross & Blue Shield of Miss. v. Campbell*, 466 So.2d 833, 842 (Miss.1984). Whether State Farm had an arguable reason to deny Mollie Dunn's claim is typically an issue of law for the court. Whether State Farm denied Mollie Dunn's claim maliciously or in a grossly negligent manner is an issue for the trier of fact. *Bankers Life & Casualty Co. v. Crenshaw*, 483 So.2d 254, 269 (Miss.), *aff'd*, 486 U.S. 71, 108 S.Ct. 1645, 100 L.Ed.2d 62 (1988). Since Mollie Dunn bears the burden of proving both of these elements at trial, she must present sufficient evidence to establish the existence of each element in order to survive the defendant's alternative motion for partial summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed. 2d 265, 273 (1986).

When State Farm denied Mollie Dunn's claim, the Mississippi Supreme Court had

not decided whether a husband's criminal acts could be imputed to his wife so as to deny her recovery on an insurance claim. After State Farm denied Mollie Dunn's claim and she filed this suit, the Mississippi Supreme Court held that an innocent spouse could recover her share of insurance proceeds, regardless of the husband's criminal acts. *McGory v. Allstate*, 527 So. 2d 632 (Miss.1988). An insurer is entitled to have a court determine an undecided question of law to determine its liability without being punished for referring the question to a court. Several jurisdictions have decided the issue differently and the legal question as it applied to Mollie Dunn's claim was fairly debatable. Thus, State Farm had an arguable reason to contest its liability to Mollie Dunn. *Gorman v. Southeastern Fidelity Insurance Co.*, 775 F.2d 655, 659 (5th Cir.1985); *Michael v. National Security Fire and Casualty Co.*, 458 F.Supp. 128, 131 (N.D.Miss.1978); *Gulf Guaranty Life Insurance Co. v. Kelly*, 389 So.2d 920, 923 (Miss.1980). Moreover, the statements Mollie Dunn gave during State Farm's investigation gave State Farm an arguable reason to believe that Mollie Dunn consented to her husband's criminal act and provided State Farm with the basis to conclude that she misrepresented the value of her claim. Because of this and because Mollie Dunn failed to support her claim for bad faith with any evidence of malice or gross negligence on the part of State Farm, Mollie Dunn's claim for punitive damages will be dismissed.

An order in accordance with this memorandum opinion will issue.

### ORDER

In accordance with a memorandum opinion this day issued, it is ORDERED:

That defendant's motion for summary judgment is DENIED;

That defendant's motion for partial summary judgment is GRANTED; and

That the plaintiff's claims for conversion, bad faith, breach of a fiduciary duty, and breach of a duty of good faith are DISMISSED.