Mollie Ann **DUNN**, Plaintiff–Appellant,

v.

**STATE FARM FIRE & CASUALTY COMPANY, et al.,**
**Defendants–Appellees.**

No. 90–1312.

United States Court of Appeals,
Fifth Circuit.

April 3, 1991.

Grady F. Tollison, Tollison & Alexander, Oxford, Miss., for plaintiff-appellant.

Guy T. Gillespie, III, Robert H. Faulks, Holcomb, Dunbar, Connell, Chaffin & Willard, Oxford, Miss., for defendant-appellees.

Before POLITZ, WILLIAMS and JONES, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

After her insurance claim was denied, plaintiff-appellant Mollie Ann Dunn brought suit against State Farm Fire & Casualty Company asserting refusal to pay a claim for fire loss. She alleged breach of contract, breach of fiduciary duty, breach of duty to act in good faith, and wrongful conversion of property. Jurisdiction was based upon diversity of citizenship. 28 U.S.C. § 1332 (1988). During discovery, the district court granted State Farm a protective order for documents covered by the attorney-client privilege and work product doctrine. After discovery and on State Farm's motion, the court entered summary judgment on the noncontractual claims. The parties then settled the breach of contract claim. Dunn appeals the protective order and the partial summary judgment.

## I. FACTS AND PRIOR PROCEEDINGS.

Mollie Dunn and her husband, Melvin Dunn, owned a house in New Albany, Mississippi as tenants by the entirety, subject to a deed of trust held by the People's Bank and Trust. They had insured the house and its contents with State Farm.

In December, 1985, the Dunns separated and Mrs. Dunn and her children moved to Houston, Mississippi. On the first week-end in February, 1986, Mrs. Dunn returned to the New Albany house and removed some of her belongings. The following Monday the house burned. From the beginning of its investigation, the fire department suspected arson. A few days after the fire, Mr. Dunn confessed to setting the fire intentionally.

Later Mrs. Dunn filed a claim with State Farm based upon her interest in the house and her share of the contents of the house. State Farm asserts that during its investigation of Mrs. Dunn's claim, she did not disclose some of her debts on items claimed, overvalued her loss of contents of the house, and made claims upon some items which were not in the house when it burned.

State Farm urges further that it had reason to believe that Mrs. Dunn possibly had agreed to the arson. It considered the Dunn's separation a pretext for pursuing separate insurance claims. State Farm relied further upon the facts that the Dunns initially pursued their insurance claim jointly and also, shortly after the fire, the Dunns began living together again and sharing expenses. State Farm also believed Mrs. Dunn knew where her husband poured flammable liquid in the house because she identified the area in the house in which arson investigators had found evidence of flammable liquids.

As required by Mississippi law, State Farm paid the amount owed on the deed of trust to People's Bank and Trust Company. State Farm then denied Mrs. Dunn's claim, because of the alleged misrepresentations, because it believed she consented to her husband's arson, and because it was possible that Mississippi law barred Mrs. Dunn from recovering under the Dunn's insurance policy even if she were innocent of the arson.

The district court granted partial summary judgment dismissing all of Mrs. Dunn's extra-contractual damage claims. The district court held that State Farm did not convert Mrs. Dunn's interest in the house because State Farm was permitted by law to take the assignment of the deed of trust on the house after paying off the mort-

gage. 711 F.Supp. 1362 (1988). The court ruled that State Farm's fiduciary duty was not implicated since this case did not involve a requirement that State Farm defend the insured against claims by third parties. Finally, in holding that State Farm did not act in bad faith, the court stated three alternative grounds: (1) Mr. Dunn's criminal act might properly in law be attributable to Mrs. Dunn, (2) State Farm had an arguable reason to believe that Mrs. Dunn consented to her husband's criminal act, and (3) State Farm had reason to believe that Mrs. Dunn made willful misrepresentations of material facts in her claim. In addition, the court held that Mrs. Dunn failed to create a material issue as to bad faith because she did not introduce evidence to support her burden of proof that State Farm acted with malice or gross negligence.

The parties subsequently settled the breach of contract claim by agreeing that if this Court affirms the district court, Mrs. Dunn "will forego pursuit of her contractual damage claims in exchange for State Farm's release of its assigned note and deed of trust on the insured property." If this Court reverses the district court, "State Farm's liability for contract damages, if any, may be satisfied by State Farm's release of the assigned note and deed of trust." After the parties made this settlement, the district court certified the partial summary judgment order as a final judgment. The judgment held in abeyance the contract claims under the terms of the settlement as still pending until this appeal is decided. Mrs. Dunn appeals both the protective order and the partial summary judgment. There is no appeal of the holding that State Farm did not breach its fiduciary duty, and we therefore do not address the issue.

## II. STANDARD OF REVIEW.

■ On appeal, we evaluate a district court's decision to grant summary judgment by reviewing the record under the same standards which guided the district court. *Brooks, Tarlton, Gilbert, Douglas & Kressler v. United States Fire Ins. Co.*,

832 F.2d 1358, 1364 (5th Cir.1987). According to Rule 56(c), we cannot affirm a summary judgment unless "we are convinced, after an independent review of the record, that 'there is no genuine issue as to any material fact' and that the movant is 'entitled to a judgment as a matter of law.'" *Brooks*, 832 F.2d at 1364 (quoting Fed.R. Civ.P. 56(c)). We must consider fact questions with deference to the nonmovant. We decide questions of law de novo.

The Supreme Court recently explained Rule 56(c): "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *see also* Issacharoff & Loewenstein, "Second Thoughts About Summary Judgment," 100 Yale L.J. 73, 84–91 (1990). Mrs. Dunn must present sufficient evidence to establish the existence of each element for which she bears the burden of proof in order to survive State Farm's motion for summary judgment. *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

## III. PUNITIVE DAMAGE CLAIM.

With the settlement of the contract claims, the only claim remaining is the claim of punitive damages for alleged wrongful conduct by State Farm. Mrs. Dunn's suit is based on diversity jurisdiction, we undertake to apply Mississippi law to the issue of punitive damages and rule as would the Mississippi courts. *Brooks*, 832 F.2d at 1364, 1376.

■ Mrs. Dunn sued State Farm for punitive damages for its alleged bad faith refusal to pay a claim. Under Mississippi law, punitive damages may be assessed against an insurer only when the insurer denies a claim (1) without an arguable or legitimate basis, either in fact or law, and (2) with malice or gross negligence in disregard of the insured's rights. *Aetna Casualty & Sur. Co. v. Day*, 487 So.2d 830,

832 (Miss.1986); *State Farm Fire and Casualty Co. v. Simpson,* 477 So.2d 242, 250, 252 (Miss.1985); *see also Larr v. Minnesota Mutual Life Ins. Co.,* 924 F.2d 65, 67 (5th Cir.1991); *Peel v. American Fidelity Assurance Co.,* 680 F.2d 374, 376 (5th Cir.1982) (per curiam).

▪ Whether State Farm had an arguable reason to deny Mrs. Dunn's claim is an issue of law for the court. *Banker's Life and Casualty Co. v. Crenshaw,* 483 So.2d 254, 269 (Miss.1985), *aff'd,* 486 U.S. 71, 108 S.Ct. 1645, 100 L.Ed.2d 62 (1988). State Farm does not need to prove that it was a certainty that Mrs. Dunn was not entitled to payment. Instead it must show only that it had reasonable justifications, in either fact or law, to deny payment.

▪ In deciding whether an insurer had an arguable basis to deny insurance liability, Mississippi courts usually apply the directed verdict test. Under this test, unless the insured would be entitled to a directed verdict on the underlying insurance claim, an arguable reason to deny an insurance claim exists in most instances. *Blue Cross & Blue Shield v. Campbell,* 466 So.2d 833, 843 (Miss.1984) ("[U]nless the trial judge grants a directed verdict to the insured plaintiff on the contract claim, then, as a matter of law, the insurance carrier has shown reasonably arguable basis to deny the claim ... in the vast majority of cases."); *see also Reece v. State Farm Fire & Casualty Co.,* 684 F.Supp. 140, 146 (N.D.Miss.1987) (when plaintiff is not entitled to directed verdict on policy claim, it "necessarily follows that [there was] an arguable reason for denying the claim"); *Aetna Casualty & Sur. Co. v. Day,* 487 So.2d 830, 832–34 (Miss.1986) (when questions of fact existed on underlying policy claim, no reasonable juror could find fraud or malice on part of insurer; exception to general rule would exist only under "extreme factual situations"); *Southern Unit-*

ed *Life Ins. Co. v. Caves,* 481 So.2d 764, 769 (Miss.1985) (failure of plaintiff to obtain summary judgment or directed verdict on policy claim eliminates punitive claim in "great majority" of cases); *State Farm Fire and Casualty Co. v. Simpson,* 477 So.2d 242, 254 (Miss.1985) ("if the plaintiff is not entitled to a peremptory instruction [on the contract claim], it logically follows that a punitive damage instruction should be refused" in all but rare cases). The directed verdict test is, however, "not infallible." [1] *Campbell,* 466 So.2d at 843.

The Mississippi Supreme Court has also noted that the directed verdict test should not be the sole inquiry for the trial court.

[I]t remains the responsibility and function of the trial court and this Court, in the final analysis, to determine whether or not the insurance carrier, under all the facts of the case, has a reasonably arguable basis, either in fact or in law, to refuse to pay the claim. It is upon this determination by the trial court that the punitive damages [claim] based upon bad faith is submitted to the jury.

*Campbell,* 466 So.2d at 844.

We conclude that Mrs. Dunn would not be entitled to a directed verdict on her contract claim and thus has no claim for punitive damages for bad faith refusal to pay a claim. State Farm clearly had arguable reasons to deny her claim.

▪ One of State Farm's justifications was that under Mississippi law Mr. Dunn's act likely was attributed to Mrs. Dunn, thereby justifying the denial of coverage. When State Farm denied Mrs. Dunn's claim, the Mississippi Supreme Court had not decided whether a husband's criminal acts in this kind of case could be imputed to his wife so as to deny her recovery on an insurance claim. After State Farm denied Mrs. Dunn's claim and she had filed this suit, the Mississippi Supreme Court re-

---

1. Under the "lying exception," the directed verdict rule does not apply when " 'the jury is asked to reject *on grounds of deliberate falsehood or fabrication (or misrepresentation)* the insurer's defense to the underlying contract claim.' " *Andrew Jackson Life Ins. Co. v. Williams,* 566 So.2d 1172, 1183–86 (Miss.1990) (quoting *Campbell,*

466 So.2d at 852 (Robertson, J., concurring)) (emphasis by *Campbell* court). Thus, the rule does not apply if the only evidence precluding a directed verdict on the policy claim in favor of the plaintiff is contradicted testimony by the insurer's agents. The exception does not apply to this case.

solved the issue by holding that an innocent wife could recover her share of insurance proceeds, regardless of the husband's criminal acts. *McGory v. Allstate Ins. Co.*, 527 So.2d 632, 638 (Miss.1988).

But this insurer was entitled to have a court resolve the undecided question of law to determine its liability without being punished for referring the question to a court. For requiring the resolution of the legal issue it cannot be liable under Mississippi law for punitive damages, even if it does not prevail on the underlying legal issue. *Gulf Guaranty Life Ins. Co. v. Kelley*, 389 So.2d 920, 923 (Miss.1980); *see also Gorman v. Southeastern Fidelity Ins. Co.*, 775 F.2d 655, 659 (5th Cir.1985); *Michael v. National Sec. Fire & Casualty Co.*, 458 F.Supp. 128, 131 (N.D.Miss.1978). We agree with the district court that the question of whether a husband's criminal act may be attributable to his wife in order to deny insurance coverage was reasonably debatable under Mississippi law at the time State Farm refused to honor Mrs. Dunn's claim. The Mississippi courts had not addressed the issue directly, Mississippi law could be found to support either position, and other jurisdictions were split on the issue. Because the issue was debatable at the time coverage was denied, State Farm had an arguable reason to deny coverage.

■ State Farm urges that it had a second arguable reason to deny Mrs. Dunn's claim. It reasonably believed that Mrs. Dunn likely had consented to her husband's arson. The district court so found. In their respective briefs, the parties recognize the district court's finding of consent as a finding of complicity.

We find that State Farm had an arguable basis to believe that Mrs. Dunn was guilty of complicity. Mrs. Dunn had motive because of her poor financial condition. She removed items from the house the weekend before the fire. During the investigations of the fire and during her husband's criminal trial, she volunteered statements indicating her knowledge of how the fires were set. She said that she left a trail of chlorine solution along the upstairs hall and down the stairs when moving a water bed

the day before the fire. This was precisely where the arson investigators found a trail of flammable liquids. The small quantity of chlorine diluted in many gallons of water could not, however, have accounted for the extensive fire trail patterns. Mr. and Mrs. Dunn also began to live together again shortly after the fire. We conclude from this evidence that the district court did not err in finding that State Farm had a reasonable basis for suspicion that Mr. and Mrs. Dunn acted in concert.

■ Another ground motivating State Farm's decision not to honor Mrs. Dunn's claim was that Mrs. Dunn made false statements during the course of the investigation by overstating the value of the property destroyed by the fire. There is no dispute that Mrs. Dunn made false statements. False statements may result in denial of coverage if they are material and they are made willfully. *Watkins v. Continental Ins. Cos.*, 690 F.2d 449, 451 (5th Cir.1983); *Edmiston v. Schellenger*, 343 So.2d 465, 466 (Miss.1977). Mrs. Dunn claims that these errors were honest mistakes and that they were not material. State Farm disputes these contentions. Although Mrs. Dunn's misrepresentations to State Farm might not be sufficient to provide State Farm with a winning defense, again they do provide State Farm with an arguable reason to deny her claim. *See Merchants Nat'l Bank v. Southeastern Fire Ins. Co.*, 751 F.2d 771, 779 (5th Cir. 1985).

■ Thus, State Farm had three fully justifiable and persuasive reasons to deny Mrs. Dunn's claim as doubtful and arguable. In addition, Mrs. Dunn failed to raise a material issue as to the second element of a claim for punitive damages: whether State Farm acted with malice or gross negligence when it refused to honor Mrs. Dunn's claim. Mrs. Dunn argues that the absence of an arguable reason to deny her claim is enough to prove malice or gross negligence. This argument fails for two reasons. She first failed to prove the absence of an arguable reason, the factual premise of her argument. Second, the absence of an arguable reason does not neces-

sarily establish malice or gross negligence. *Day*, 487 So.2d at 833. We affirm the district court's entry of summary judgment with respect to Mrs. Dunn's claims for punitive damages.

## IV. CONVERSION.

■ Mrs. Dunn also contends that State Farm converted her equitable interest in her home when it took an assignment of the Dunns' deed of trust from People's Bank and Trust Company. The argument is meritless. State Farm paid the mortgaged owed by the Dunns as required by state law, and took the assignment on the deed of trust to which it was entitled. Miss.Code Ann. § 83–13–9 (1972).

## V. PROTECTIVE ORDER.

Mrs. Dunn urges that the district court erred in issuing a protective order for the documents prepared by State Farm's attorneys while they were investigating the fire. She first argues that the attorney-client privilege does not apply because the attorneys were performing as investigators rather than attorneys.

■ Since state law provides the rule of decision, Mississippi law is determinative of the attorney-client privilege. Fed.R.Evid. 501; *see Martin v. American Employers' Ins. Co.*, 115 F.R.D. 532, 534 (S.D.Miss. 1987). Mississippi Rule of Evidence 502 provides that a client has the privilege of refusing to disclose any confidential communications made "for the purpose of facilitating the rendition of professional legal services to the client." The Mississippi Supreme Court has described the privilege as "relat[ing] to and cover[ing] all information regarding the client received by the attorney in his professional capacity and in the course of his representation of the client." *Barnes v. State*, 460 So.2d 126, 131 (Miss. 1984). The privilege does not require the communication to contain purely legal analysis or advice to be privileged. Instead, if a communication between a lawyer and client would facilitate the rendition of legal services or advice, the communication is privileged.

We hold that the attorney-client privilege protected the documents Mrs. Dunn sought. The privilege extends to all communications between State Farm and the attorneys it retained for the purpose of ascertaining its legal obligations to the Dunns. The privilege is not waived if the attorneys perform investigative tasks provided that these investigative tasks are related to the rendition of legal services. In addition, the district court found that Mrs. Dunn had already discovered all facts to which she was entitled.

■ Mrs. Dunn argues second that the work-product doctrine does not apply because the documents were prepared before any reasonable anticipation of litigation. The applicable work product doctrine is embodied in Federal Rule of Civil Procedure 26(b)(3). Like the attorney-client privilege, the work product doctrine insulates a lawyer's research, analysis of legal theories, mental impressions, notes, and memoranda of witnesses' statements from an opposing counsel's inquiries. *Upjohn Co. v. United States*, 449 U.S. 383, 400, 101 S.Ct. 677, 688, 66 L.Ed.2d 584 (1981); *United States v. El Paso Co.*, 682 F.2d 530, 543 (5th Cir.1982), *cert. denied*, 466 U.S. 944, 104 S.Ct. 1927, 80 L.Ed.2d 473 (1984). Work product only protects documents produced by or for an attorney preparing for litigation.

State Farm received notice of the Dunns' fire loss on February 4, 1986. The next day, Mr. Dunn signed a confession admitting he intentionally set fire to the house. State Farm's adjuster learned of the confession on February 10, 1986, and within a week State Farm retained outside counsel. When State Farm hired its attorneys, Mr. Dunn's confession gave State Farm a solid basis to question the Dunns' insurance claim. Thus, from the date they were hired, State Farm's attorneys could anticipate litigation. As a result, the work product doctrine properly applied.

## VI. CONCLUSION.

In sum, we affirm the district court. It properly awarded summary judgment in favor of State Farm on Mrs. Dunn's claim

**876**

for punitive damages and for conversion. We also affirm the granting of State Farm's motion for a protective order.

AFFIRMED.