IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 91-7045
_____


United States Fidelity &
Guaranty Company
                                    Plaintiff-Counter-Defendant-
Appellee,


                         versus


A. Buford Wigginton,
d/b/a
Pickens Pharmacy,
                    Defendant-Counter-Plaintiff-Appellant.


_____
            Appeal from the United States District Court
             for the Southern District of Mississippi

_____


                      (July 1, 1992)

Before KING, SMITH, and WIENER, Circuit Judges:


WIENER, Circuit Judge:

     In this Mississippi diversity case arising out of a fire and
a subsequent insurance claim, Defendant-Appellant A. Buford
Wigginton appeals the district court's grant of summary judgment of
no liability in favor of Wigginton's insurer, Plaintiff-Appellee
United States Fidelity & Guaranty Company (USF&G).  Finding no
reversible error, we affirm.


                            I.

FACTS AND PROCEEDINGS

There is no genuine dispute about the facts of this case. USF&G issued a policy of insurance to Wigginton covering, inter alia, fire damage to property on which Wigginton conducted his business, Pickens Pharmacy. In November of 1990, a fire destroyed the property and its contents. Wigginton was arrested and charged with second degree arson.

After filing a proof of loss with USF&G in January of 1991, the company requested that Wigginton submit to an examination under oath and produce certain documents and records. Wigginton's counsel informed USF&G, however, that Wigginton would not testify under oath until he could make a decision whether to waive his Fifth Amendment right against self-incrimination in the criminal proceeding. In March, Wigginton appeared at the scheduled deposition but declined to answer questions or to produce the requested records, asserting the Fifth Amendment. Two weeks later the company denied Wigginton's claim.

In May, the company filed this declaratory judgment action. Wigginton counterclaimed for bad faith denial of coverage and bad faith in the handling of Wigginton's claim. Wigginton also filed a motion to dismiss, or in the alternative, a motion to stay the proceeding until the criminal arson trial was completed. USF&G in turn filed a motion for summary judgment.

In June, eleven days after USF&G filed its motion for summary judgment, Wigginton filed with the court a "Notice of Availability for Deposition." USF&G immediately declined Wigginton's offer to

submit to examination. Four days thereafter, Wigginton responded to USF&G motion for summary judgment, and filed an affidavit with the court in which he averred:

> After discussing the matter with my attorneys, it has been determined that I should make myself available for examination under oath to answer questions concerning the fire and the losses which resulted, and to produce documents as requested by USF&G. My offer to do so, however, is contingent upon USF&G's agreement, or Order of the Court to the effect that same will constitute a compliance on my part with the pertinent terms and provisions of my policy of insurance.

The district court granted summary judgment to USF&G and denied Wigginton's bad faith counterclaim. The court concluded that Wigginton's delay in submitting to examination under oath and his subsequent conditional offer were unreasonable, thereby voiding coverage under USF&G's fire policy. Wigginton timely appealed.

## II.

### STANDARD OF REVIEW

This court reviews the grant of summary judgment motion de novo, using the same criteria used by the district court in the first instance.[1] We "review the evidence and inferences to be drawn therefrom in the light most favorable to the non-moving party."[2] Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

---

[1] Walker v. Sears, Roebuck & Co., 853 F.2d 355, 358 (5th Cir. 1988).

[2] Baton Rouge Bldg. & Constr. Trades Council v. Jacobs Constructors, Inc., 804 F.2d 879, 881 (5th Cir. 1986) (per curiam) (citing Southmark Properties v. Charles House Corp., 742 F.2d 862, 873 (5th Cir. 1984)).

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[3]  Fed.R.Civ.P. 56(e) requires that when a proper motion for summary judgment is made, the non-moving party must set forth specific facts showing that there is a genuine issue for trial.[4]  The mere existence of an alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5]  "Material facts" are "facts that might affect the outcome of the suit under the governing law."[6]

### III.

### ANALYSIS

A.    Failure to Submit to Examination under Oath

In its argument that Wigginton's failure to submit to examination under oath rendered Wigginton's policy void, USF&G relies on the following provisions contained in the policy:

        A.    Loss Conditions
              ...
              3.    Duties In The Event of Loss Or Damage.
                    You must see that the following are done in the
                    event of loss of or damage to Covered Property:
                    ...

_____

[3]Fed.R.Civ.P. 56(c).

[4]Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S. Ct. 2505, 2510 (1986).

[5]Id. at 248.

[6]Id.

4

g.  [The Examination of Oath Clause:]  If requested, permit us to question you under oath at such times as may be reasonably required about any matter relating to this insurance or your claim, including your books and records.  In such event, your answers must be signed.

...

i.  [The Cooperation Clause:]  Cooperate with us in the investigation or settlement of the claim.

4.  [The Legal Action Clause:] Legal Action Against Us. No one may bring a legal action against us under this insurance unless:

a.  There has been full compliance with all of the terms of this insurance; ...

B.  General Conditions.

1.  [The Concealment Clause:]  Concealment, Misrepresentation Or Fraud.
This Coverage Part is void in any case of fraud by you at any time as it relates to this Coverage Part.  It is also void if you or any other insurance, at any time, intentionally conceal or misrepresent a material fact concerning:

a.  This Coverage Part;
b.  The Covered Property;
c.  Your interest in the Covered Property, or
d.  A claim under this Coverage Part.

"Mississippi law is clear that a policy is rendered void where an insured either fails to submit to an examination under oath or refuses to answer material questions during an examination under oath."[7]

The [policy's examination, concealment, and legal action clauses] are common to insurance policies, and have been dealt

_____

[7]Saucier v. U.S. Fidelity and Guaranty Co., 765 F.Supp. 334 (S.D. Miss 1991).  See also Taylor v. Fireman's Fund Ins. Co., 306 So.2d 638 (Miss. 1974); Southern Guaranty Ins. Co. v. Dean, 252 Miss. 69, 172 So.2d 553 (1965); Standard Ins. Co. v. Anderson, 227 Miss. 397, 86 So.2d 298 (1956); U.S. Fidelity and Guaranty Co. v. Conaway, 674 F.Supp. 1270 (N.D. Miss. 1987), aff'd 849 F.2d 1469 (5th Cir. 1988).

5

with by this court on many occasions. In all of these cases the clauses authorizing insurers to conduct investigations under oath were found to be reasonable and valid. This Court also found that failure to submit to such an examination, under circumstances such as those present in the case at bar, would preclude coverage under the policies as a matter of law.[8]

Therefore, because the failure to submit to examination voids the policy as a matter of law, the policy need not explicitly state that the examination clause is a condition precedent to recovery.

Wigginton contends, however, that the policy is not void unless USF&G proves that it was prejudiced by Wigginton's breach. We do not agree. The law of Mississippi is well-settled that an insured's breach of a condition precedent or to a provision that renders the policy void relieves the insurer of any obligation to show prejudice. A substantial line of cases supports the rule that an insurer need not show prejudice when the insured breaches a condition precedent or a condition that voids the policy.[9] Although Mississippi courts do not speak of examinations as conditions precedent, they have never required a showing of prejudice when breach of the examination clause renders a policy

---

[8] See Allison v. State Farm Fire & Cas. Co. 543 So.2d 661, 663 (Miss. 1989).

[9] See Hall v. State Farm Fire & Cas. Co., 937 F.2d 210 (5th Cir. 1991)(no showing of prejudice necessary when breach of concealment clause voided coverage); Bolivar County Bd. of Supervisors v. Forum Ins. Co., 779 F.2d 1081 (5th Cir. 1986)(no showing of prejudice necessary when provision is condition precedent); Reliance Ins. Co. v. County Line Place, Inc., 692 F.supp. 694 (S.D.Miss. 1988)(no showing of prejudice necessary when notice provision is condition precedent); West v. Bankers and Shippers Ins. Co., 643 F.Supp. 992 (N.D. Miss. 1986)(no showing of prejudice necessary when notice provision is condition precedent), aff'd 814 F.2d 657 (5th Cir. 1987).

void.[10]    Clearly, then, Wigginton's breach of the examination clause, precluding coverage as a matter of law, obviates any obligation of USF&G to demonstrate prejudice.

Wigginton also insists that his subsequent offer to submit to examination cured any breach because the delay was reasonable. In Standard Ins. Co. of New York v. Anderson,[11] the Mississippi Supreme Court concluded that a willful failure to submit to an examination can violate a policy's concealment clause, but the court also recognized that a reasonable delay in submitting to an examination may be excused. The court reiterated this position in Home Ins. Co. v. Olmstead[12], stating that "if an insured, for a valid reason, is unable to attend an examination under oath, it is incumbent upon the insured, as soon as possible, to offer to submit to an examination at a later date."[13] We agree with the district court in the instant case that Wigginton's delay was unreasonable as a matter of law.

Wigginton premised his refusal to submit to the examination on the ground that he needed time to decide whether to waive his right against self-incrimination in his criminal matter, cognizant of the

---

[10]See, e.g., Taylor v. Fireman's Fund Ins. Co., 306 So.2d 638 (Miss. 1974); Southern Guaranty Ins. Co. v. Dean, 252 Miss. 69, 172 So.2d 553 (1965); Standard Ins. Co. v. Anderson, 227 Miss. 397, 86 So.2d 298 (1956); See also U.S. Fidelity and Guaranty Co. v. Conaway, 674 F.Supp. 1270 (N.D. Miss. 1987), aff'd 849 F.2d 1469 (5th Cir. 1988).

[11]227 Miss. 397, 86 So.2d 298 (1956).

[12]355 So.2d 310 (Miss. 1978).

[13]Id. at 313.

fact that answering any questions in his examination would effectively waive these rights. Wigginton cannot, however, rely upon his Fifth Amendment right against self-incrimination as a valid excuse to avoid examination in this civil case. We see no principled difference between invoking one's Fifth Amendment rights and delaying the examination in order to decide whether to do so. In <u>Saucier v. U. S. Fidelity and Guaranty Co.</u>[14] the court reasoned:

> The compulsion secured against by the constitution is a compulsion exercised by the state in its sovereign capacity in some matter known to the law. Constitutional immunity has no application to a private examination arising out of a contractual relationship. The examination to which appellants demanded respondent should submit was an extrajudicial proceeding, not authorized by any constitutional or statutory provision, but purely by virtue of a contract between the parties. To bring a case within the constitutional immunity, it must appear that compulsion was sought under public process of some kind. This being so, respondent's refusal to undergo examination and produce his books and papers acquires no sanctity because he urged his constitutional right not to be compelled to be a witness against himself. The demand was made upon him by virtue of the stipulation in the contract, and by the stipulation alone must his refusal be judged. The stipulation constituted a promissory warranty under which appellants had the right to demand compliance by respondent "as often as required," and the performance of such stipulation was a condition precedent to any right of action.[15]

It is not just the number of months that elapsed between the demand for examination and Wigginton's consent to submit that makes his delay unreasonable. The facts that he waited until after USF&G filed suit and after its motion for summary judgment was filed to consent exacerbated the unreasonableness of Wigginton's delay.

---

[14]765 F.Supp. 334 (S.D. Miss. 1991).

[15]<u>Id.</u> at 336 (quoting <u>Hickman v. London Assurance Corp.</u>, 184 Cal. 524, 195 P. 45, 49 (1920).

8

More significantly, Wigginton did not redeem himself when he offered to submit some three months later. His offer was unreasonably conditioned on the company's agreeing to waive its rights with respect to voiding the policy. Even if we were to agree that Wigginton's delay of three months was reasonable temporally, we would be forced to conclude that the contingency attached to his offer made it ineffectual and thus unreasonable. The district court was correct when it concluded that

> In effect, compliance with Wigginton's demand requires USF&G to relinquish the defense that it was justified in denying Wigginton's claim because he failed to timely comply with the terms of the policy, even before Wigginton appears and is questioned. USF&G is not required by its policy or by law to accept such an offer. Accordingly, the court concludes that Wigginton has not made an offer to comply with the terms of the policy which would defeat the plaintiff's motion for summary judgment....

B.  Wigginton's Counterclaim for Bad Faith

The district court denied Wigginton's counterclaim against USF&G for breach of contract in denying his claim for coverage. Wigginton argues that the conduct of USF&G constituted a breach of contract so willful, intentional, malicious and in reckless disregard of his rights as to amount to the independent tort of bad faith calling for actual and punitive damages. Specifically, Wigginton complains of USF&G's insistence on the examination under oath, the denial of the claim, and the filing of suit.

The law is well settled that the insured has the burden of establishing a claim for bad faith denial of an insurance claim.[16]

---

[16]Dunn v. State Farm Fire and Casualty Co., 711 F.Supp 1362, 1364 (N.D. Miss. 1988), aff'd, 927 F.2d 869 (5th Cir. 1991).

9

The insured must show that the insurer denied the claim (1) without an arguable or legitimate basis, either in fact or law, and (2) with malice or gross negligence in disregard of the insured's rights.[17] The insurer need only show that it had reasonable justifications, either in fact or in law, to deny payment.[18] Moreover, whether an insurer had an arguable reason to deny an insured's claim is an issue of law for the court.[19]

In deciding whether an insurer had an arguable basis to deny insurance liability, Mississippi courts apply the directed verdict test:[20] Unless the insured would be entitled to a directed verdict on the underlying insurance claim, an arguable reason to deny an insurance claim exists in most cases.[21]

We have already determined that Wigginton's failure to submit to the requested examination and his subsequent impermissibly conditional offer to submit were unreasonable as a matter of law.[22] Under these circumstances, there is no doubt that Wigginton's breach provided USF&G substantially more than an arguable reason to deny his claim.

---

[17]Id., 927 F.2d at 872.

[18]Id. at 873.

[19]Id.

[20]Id.

[21]Id.

[22]Because we find that Wigginton's conduct was a breach as a matter of law, his argument that the district court erred in granting summary judgment before discovery was undertaken is meritless.

## IV.

## CONCLUSION

Wigginton's failure to submit to examination voided the policy as a matter of Mississippi law, without the necessity for USF&G to show that it was prejudiced by that failure. We do not need to reach the question whether the period of Wigginton's delay was unreasonable because his subsequent offer to submit did not cure the breach; it was unacceptably conditional and, thus without effect. The district court, therefore, did not err in granting USF&G summary judgment, or in denying Wigginton's counterclaim for bad faith.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.