**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 99-60416
Summary Calendar

JANICE SHERMAN BRIEN,

Plaintiff-Appellant,

VERSUS

EQUITABLE ASSURANCE SOCIETY OF THE UNITED STATES;
WILLIE L. McINTOSH; DON BROWN,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
3:97-CV-735-BN

March 17, 2000

Before SMITH, BARKSDALE and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant, Janice Sherman Brien appeals the summary judgment for Defendants-Appellees, Equitable Assurance Society of the United States, Willie L. McIntosh and Don Brown (collectively "Equitable") in her suit for damages allegedly occasioned by Equitable's bad faith in delaying payments on her disability insurance claim. We affirm.

Brien submitted a claim in 1994, stating that she was totally

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

disabled[2] from performing her work as a dentist because she was experiencing double vision. Equitable paid Brien monthly disability benefits of $3000 for approximately three years. In June 1997, after a review of Brien's medical records and an independent medical examination ("IME"), Equitable determined that Brien was not totally disabled under the terms of the policy, but invited Brien and her physician to submit any additional information that would support her claim. In September 1997, Brien filed the instant suit. In January 1998, Equitable reinstated Brien's benefits and paid all benefits which had accrued in the six months since its June 1997 decision to suspend payments. The district court granted Equitable's motion for summary judgment on the only remaining issues in the suit: Brien's claim for punitive damages and extra-contractual damages for mental anguish, attorneys fees and interest.

We review a district court's grant of summary judgment *de novo*, *see Resolution Trust Corp. v. Ayo*, 31 F.3d 285, 289 (5th Cir. 1994), and affirm summary judgment only if the movant demonstrated that there are no genuine issues of material fact. *See* FED. R. CIV. P. 56(c). This action, properly removed from a Mississippi state court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, requires the application of Mississippi substantive law.

Brien asserts on appeal that summary judgment proof

---

[2]Brien's policy paid benefits only in the event she suffered total disability. To the extent that the evidence supported a finding of partial disability, Brien was entitled to no payment under the policy.

established a genuine issue of fact on her claim for punitive damages resulting from a bad faith denial of insurance benefits. In order to recover punitive damages under Mississippi law, a plaintiff must establish that (1) the insurer lacked an "arguable or legitimate reason" for denying a benefit claim and (2) the insurer committed a willful or malicious wrong or acted with gross and reckless disregard for the insured's rights. *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 872 (5th Cir. 1991). In order to recover punitive damages, the insured must prove both of these elements. *See Life & Cas. Ins. Co. of Tenn. v. Bristow*, 529 So.2d 620, 622 (Miss. 1988).

There is no dispute in this record that Equitable had a legitimate or arguable reason for denying Brien's benefits. An arguable reason has been defined as one in support of which there is some credible evidence. *See Guy v. Commonwealth Life Ins. Co.*, 894 F.2d 1407, 1411 (5th Cir. 1990). The existence of evidence to the contrary does not deprive an insurer of its "arguable reason." *See id.* Equitable's decision that Brien was not totally disabled relied on the medical opinion of its in-house physician as well as the report from Brien's IME. Brien's evidence, consisting of medical records from other physicians and reliance on discrete portions of the IME that contravened Equitable's conclusions, does not create a fact question concerning Equitable's arguable basis for its actions.

With regard to Brien's actual damage claims for emotional distress and attorneys' fees, the district court held that, under

3

Mississippi law, extra-contractual compensatory damages are not recoverable in the absence of facts justifying a punitive damage award. Brien challenges this holding by citing *Universal Life Ins. Co. v. Veasley*, 610 So.2d 290 (Miss. 1992), which allowed mental anguish damages for a plaintiff in the absence of punitive damages. While we agree that the district court's reliance on pre-*Veasley* Mississippi law on this point was in error, we nevertheless affirm summary judgment for Equitable on this point because the record contains no evidence to support an award for mental anguish or attorney fees.

Finally, Brien complains that the district court failed to consider her claim for prejudgment interest. Because there was no judgment entered for Brien, the district court did not abuse its discretion in failing to award Brien interest on a zero judgment. *See Larr v. Minn. Mut. Life Ins. Co.*, 924 F.2d 65, 67 (5th Cir. 1991)(holding that, under Mississippi law, the award of prejudgment interest is within the discretion of the district court); *see also* 28 U.S.C. § 1961(a)(1994)("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

For the foregoing reasons, we affirm the summary judgment for Equitable.

AFFIRMED.

4