United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————

No. 06-40040

(Summary Calendar)

————————

VICTORIA FIELDS,

Plaintiff - Appellant,

versus

COOPER TIRE & RUBBER CO; RICKY NORTON; DAVID CORMACK; DEXTER SUMMERS,

Defendants - Appellees.

Appeal from the United States District Court
For the Eastern District of Texas
USDC No. 5:04-CV-284

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:*

    Victoria Fields appeals the district court's grant of summary judgment in favor of Cooper Tire

& Rubber Co. ("Cooper"), Ricky Norton, David Cormack and Dexter Summers (collectively,

"Appellees"). We review *de novo* a ruling on a motion for summary judgment. *Wyatt v. Hunt*

————————

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Plywood Co., Inc.*, 297 F.3d 405, 408 (5th Cir. 2002). Summary judgment should be granted only if there is "no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Wyatt*, 297 F.3d at 408-09. It is not enough for the party opposing summary judgment to rest on mere conclusory allegations or denials in her pleadings. *Topalian v. Ehrman*, 954 F.2d 1125, 1131, 1137 (5th Cir. 1992), *cert. denied*, 506 U.S. 82 (1992). The nonmovant must point out, with factual specificity, evidence demonstrating the existence of a genuine issue of material fact on every component of the nonmovant's case. *Dunn v. State Farm & Cas. Co.*, 927 F.2d 869, 872 (5th Cir. 1991).

Liberally construed, Fields' amended complaint asserts a claim under Title VII of the Civil Rights Act of 1965 ("Title VII") against Appellees for discriminatory discharge on the basis of gender and race. Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Where, as here, there is no evidence of direct discrimination, Title VII discrimination claims based on circumstantial evidence are analyzed under the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *See Rutherford v. Harris County*, 197 F.3d 173, 179-80 (5th Cir. 1999). Under the *McDonnell Douglas* burden-shifting framework, Fields must first present a *prima facie* case for discrimination. In order to show a *prima facie* case of discriminatory discharge, Fields must first establish that she (1) is a member of a protected class, (2) was subjected to an adverse employment action, (3) was qualified for her position, and (4) was replaced by someone outside of the protected class. *Rutherford*, 197 F.3d at 184.

If Fields is successful in establishing a *prima facie* case of discrimination, Appellees must rebut the presumption of discrimination by articulating a legitimate, nondiscriminatory reason for the adverse employment action. *Auguster v. Vermilion Parish Sch. Bd.*, 249 F.3d 400, 402 (5th Cir. 2001). If Appellees meet their burden, then it shifts back to Fields to present substantial evidence that the employer's reason was nevertheless pretext for discrimination. *Id.*

Even assuming that Fields has made her *prima facie* case, the district court properly granted summary judgment. Appellees contend that Fields was discharged because she falsified her employment application. Fields did not introduce affirmative evidence showing that Cooper's reason was a pretext for gender and racial discrimination. As such, no genuine issue of material fact exists on this issue. *Auguster*, 249 F.3d at 402; *Topalian*, 954 F.2d at 1125.

Appellees are also entitled to summary judgment on the ground that Fields has not shown that she exhausted her administrative remedies as required by statute. Prior to filing a civil action under Title VII, an aggrieved party must file an administrative charge with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). The charge must be filed within 180 days of the occurrence of the unlawful employment practice. 42 U.S.C. § 2000e-5(e)(5). Title VII actions are furthermore governed by a statute of limitations that requires an action be brought within 90 days of the plaintiff's receipt of a notice of the right to sue from the EEOC. 42 U.S.C. § 2000e-5(f)(1).

In the district court, Fields failed to present evidence that she did, in fact, exhaust her administrative remedies. Fields seeks to introduce evidence on appeal that she filed a claim with the EEOC within 180 days of her firing and brought her action within 90 days of her receipt of a notice of her right to sue from the EEOC. However, we are limited to the summary judgment record before the district court below and may not consider arguments or evidence presented for the first time on

appeal.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1071 n. 1 (5th Cir. 1994).  Therefore, summary

judgment is warranted on this ground.

The judgment of the district court is thus AFFIRMED.