Sammy PORTER, Sr., Plaintiff,

v.

**SHELTER GENERAL INSURANCE COMPANY, Defendant.**

Civ. A. No. J85–0943(B).

United States District Court, S.D. Mississippi, Jackson Division.

Feb. 5, 1988.

William S. Guy, McComb, Miss., for plaintiff.

Thomas D. McNeese and Richard Yarborough, Jr., Columbia, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

The Court has before it a joint Motion for Judgment on stipulated facts. There remains for determination a single question of Mississippi law, that is, whether an automobile liability insurance policy may pro-

vide for a reduction of supplemental uninsured motorist benefits because of workers' compensation received by the beneficiary. Supplemental uninsured motorist benefits are those which are in excess of the minimum required by statute. Under Mississippi law, parties are free to contract for supplemental benefits as they see fit. The policy provision is therefore enforceable with regard to those benefits, and judgment will be entered for Defendant Shelter General Insurance Company.

It is stipulated that Plaintiff Sammy Porter is a beneficiary under the Shelter General policy at issue, that the policy provides $25,000.00 in uninsured motorist benefits, and that Porter is entitled to receive the full amount of those benefits unless Shelter General may reduce Porter's benefits by the amount he has received in workers' compensation.

The Shelter General policy contains a provision which purports to allow the insurer to reduce all of the uninsured motorist benefits for any amounts received as workers' compensation:

> Any amount payable under the terms of [the uninsured motorist insurance] because of bodily injury ... shall be reduced by ... the amount paid and the present value of all amounts payable on account of such bodily injury under any workmen's compensation law, disability benefits law or any similar law.

Shelter General has conceded, however, that it may not reduce the uninsured motorist benefits below the $10,000.00 minimum required by statute. That amount has already been paid to Porter.

Shelter General has refused to pay Porter's claim for the remaining $15,000.00 available under the uninsured motorist provision, asserting that the workers' compensation set-off is enforceable against the remaining amount. Porter received $25,365.00 in workers' compensation. If the set-off is enforceable, Porter is not entitled to additional payments from Shelter General.

The uninsured motorist law of Mississippi requires automobile liability insurance policies to provide uninsured motorist insurance with specified minimum limits and prohibits uninsured motorist coverage in excess of the liability coverage; however, it leaves the parties free to contract for uninsured motorist coverage between those extremes:

> No automobile liability insurance policy ... shall be issued ... unless it contains [uninsured motorist insurance with] limits which shall be no less than those set forth in the Mississippi Motor Vehicle Safety Responsibility Law [*Miss. Code Ann.* § 63–15–11] ...; however, at the option of the insured, the uninsured motorist limits may be increased to limits not to exceed those provided in the policy of bodily injury liability insurance of the insured or such lesser limits as the insured elects to carry over the minimum requirement set forth in this section.

*Miss. Code Ann.* § 83–11–101 (Supp.1986). The Motor Vehicle Safety Responsibility Law requires limits of $10,000.00 for bodily injury to one person. *Miss. Code Ann.* § 63–15–11 (Supp.1986).

Although the Mississippi Supreme Court has never considered the specific issue of workers' compensation, it has consistently refused to allow any reduction of uninsured motorist coverage below the minimum required by statute. *Talbot v. State Farm Mutual Automobile Insurance Co.*, 291 So.2d 699, 703 (Miss.1974); *Harthcock v. State Farm Mutual Automobile Insurance Co.*, 248 So.2d 456 (Miss.1971). The precedent leaves no doubt that the Mississippi Supreme Court would not allow an insurer to reduce uninsured motorist benefits below the statutory minimum because of workers' compensation benefits. In most jurisdictions courts have refused to allow the reduction of uninsured motorist benefits below the statutory minimum because of workers' compensation. *See Rohleder v. Family Shows, Inc.*, 435 So.2d 95 (Ala.Civ.App.1983); *Hamaker v. American States Insurance Co. of Texas*, 493 S.W.2d 893 (Tex.Civ.App.1973, writ ref'd n.r.e.); *Williams v. Buckelew*, 246 So.2d 58 (La.Ct.App.1970). Other states have allowed such set-offs for limited purposes, *see Fox v. Atlantic Mutual Insurance Company*,

132 A.D.2d 17, 521 N.Y.S.2d 442 (1987); or by statute, *see Waters v. State Farm Mutual Automobile Insurance Company,* 393 So.2d 1203 (Fl.Dist.Ct.App.1981).

Although minimum uninsured motorist benefits are required, the parties are free to contract for supplemental benefits so long as the uninsured motorist benefits do not exceed the liability benefits. *Miss. Code Ann.* § 83–11–101 (Supp.1986). Section 83–11–111 of the Code provides that any coverage in excess of the coverage required by that article "shall not be subject to the provisions of this article" except as provided. The Mississippi Supreme Court has interpreted that provision as follows:

> It follows that the parties to this suit were free to contract as to uninsured motorist coverage in any respect so long as the required coverage is not cut down by the policy provisions. [citation omitted] If State Farm and Insured could contract free of statutory restraint as to excess coverage, they could also contract to limit the coverage to that required by statute.

*Talbot,* 291 So.2d at 701. The only case which the Court has been able to locate in any jurisdiction concerning the reduction of supplemental coverage because of workers' compensation holds that the parties are free to contract to such a provision:

> ... we find that the policy provision permitting payments ... to be offset by amounts paid in lieu of first party benefits under the Workers' Compensation Law is violative of the Insurance Law. *Such a violation, however, cannot be said to exist with respect to the supplemental uninsured motorist coverage....* The parties are free to agree to whatever terms or conditions they see fit with respect to such supplemental coverage [citations omitted]. Put somewhat differently, while the Legislature has guaranteed that a qualified person injured by an uninsured motorist endorsement shall have at least $10,000.00 worth of coverage available to compensate him for pain and suffering (non-economic loss), that person's entitlement to any greater benefits will depend solely on the terms of the insurance contract.

*Fox v. Atlantic Mutual Insurance Company,* 132 A.D.2d 17, 521 N.Y.S.2d 442 (1987) (emphasis added).

Under Mississippi law, the existing law becomes part of a contract:

> An equally well-settled rule, recognized by Mississippi, is that courts will imply that the laws in force when a contract was made were intended by the parties to be a part of the contract as much as if they had been expressly incorporated therein.

*Mid–Continent Telephone Corp. v. Home Telephone Co.,* 319 F.Supp. 1176, 1192 (N.D.Miss.1970). Accordingly, the Shelter General policy should be read to require payment of the statutory minimum for uninsured motorist benefits and to provide that only the supplemental benefits should be reduced because of workers' compensation.

The Court notes that the Shelter General policy as written misrepresents the coverage to which policyholders are entitled. The policy states that *all* of the uninsured motorist benefits are subject to the workers' compensation set-off, even though minimum coverage is required by law. That provision could mislead policy holders and their lawyers into abandoning valuable claims and should not remain in the policy.

Policing of policy provisions, however, is not a matter for this Court. In this case, Porter's attorneys were not misled and have compelled Shelter General to pay the amount required by statute. Porter has dropped his claim for punitive damages. The only question remaining is whether Porter is entitled to supplementary benefits. Since the workers' compensation set-off is enforceable with regard to those benefits, Porter is entitled to no further recovery from Shelter General and the Complaint should be dismissed.

IT IS THEREFORE ORDERED that judgment be entered for Shelter General. A separate judgment will be entered in accordance with this opinion.