Shelia **EVANGELISTA**, Plaintiff,

v.

**NATIONWIDE INSURANCE COMPANY**, Defendant/Third Party Plaintiff,

v.

James **SEXTON**, Third Party Defendant.

Civ. A. No. S87–0533(G).

United States District Court, S.D. Mississippi, S.D.

Sept. 23, 1988.

**1058**

Judy M. Guice, Minor, Benton & Guice, Biloxi, Miss., and C.R. McRae, Pascagoula, Miss., for plaintiff.

Floyd G. Hewitt, Jr., Compton, Crowell & Hewitt, Biloxi, Miss., for defendant/third party plaintiff.

## OPINION

GEX, District Judge.

This cause comes before the Court on the motion for summary judgment on the issue of punitive damages filed by the defendant, Nationwide Insurance Company, and the Court having examined the motion, together with briefs, affidavits and exhibits submitted in response and support thereto, is of the opinion that for the reasons more fully set forth herein, the motion is well taken and should be granted.

Before turning to Nationwide's motion, however, we emphasize the following legal principles: The movant is entitled to summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). No factual dispute is "genuine" unless a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct.

2505, 2510, 91 L.Ed.2d 202, 211–212 (1986). The standard for summary judgment "mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Id.* 477 U.S. at 250, 106 S.Ct. at 2511, 91 L.Ed.2d at 213. In addition, summary judgment must be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden at trial." *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Finally, in making these determinations, the Court must view the record in the light most favorable to the nonmoving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir.1984).

### Facts

On or about October 26, 1986, Evangelista was injured in an automobile accident caused by an uninsured motorist, James Sexton. Evangelista's vehicle was insured by Nationwide Insurance Company (Nationwide) under policy # 61–23–445–128 which provides *inter alia* uninsured motorists coverage for two vehicles owned by plaintiff in the aggregated amount of $35,000.00 per person per accident, $70,000.00 per accident, and medical payment coverage of $2,000.

Except for the initial notification of the accident, all communication and negotiations concerning the claim arising from this accident were among and between Nationwide and counsel for plaintiff, not plaintiff. Under the uninsured provisions of the policy, Nationwide paid the policy limits on medical payments and settled the property damage claim. Unfortunately, Evangelista's personal injury claim could not be resolved.

On April 1, 1987, counsel for plaintiff sent Nationwide demand for the personal injury claim in the amount of the policy's stacked uninsured motorist coverage of $35,000.00. In addition to alleging a cen-

trally herniated disc at L4–5 and permanent disability as a result of the automobile accident, plaintiff stated she had accumulated special damages of $5,221.99 (medical bills of $2,986.34 and lost wages of $2,235.65.)

Requested wage verification was sent to Nationwide on April 14, 1987, and counsel indicated plaintiff's special damages had now risen to $5,824.18. She again offered to settle the case for the policy limits. Based upon the information provided by plaintiff, the claims adjuster was given maximum settlement authority of $12,500.00 and on April 20, 1987, made an offer of $10,000.00 to counsel for Evangelista. After receiving plaintiff's subsequent counter-offer of $30,000.00, Nationwide advised it would pay $12,500.00. Thereafter, negotiations broke down between the parties.

Asserting that Nationwide failed to undertake a realistic evaluation of the claim and that she had permanent disability, recurring medical problems, and continuing special damages, plaintiff filed suit on August 24, 1987. In addition to contractual damages in the amount of the policy limits, plaintiff seeks punitive damages for Nationwide's refusal to tender the full policy limits and for evaluating the claim in a "reckless, grossly negligent, intentional and/or bad faith manner."

On the other hand, Nationwide argues that coverage under the policy has never been denied but that it simply contested the amount of Evangelista's claim and sought to resolve the differences but was unable to effect a settlement. Accordingly, defendant contends this "legitimate pocketbook dispute" does not give rise to a claim for punitive damages.

## ANALYSIS

Under Mississippi law, "[p]unitive damages are not recoverable for the breach of a contract unless such breach is attended by intentional wrong, insult, abuse, or such gross negligence as to consist of an independent tort." *Tutor v. Ranger Ins. Co.*, 804 F.2d 1395, 1398 (5th Cir.1986) (quoting *Progressive Casualty Ins. Co. v. Keys*, 317 So.2d 396, 398 (Miss.1975). Application of the above rule requires a determination of whether or not the insurance company had a justifiable reason or arguable basis for denying a valid claim. *See e.g. Vogel v. Am. Warranty Home Serv. Corp.*, 695 F.2d 877, 883 (5th Cir.1983); *Banker's Life & Cas. Co. v. Crenshaw*, 483 So.2d 254, 275 (Miss.1985). The plaintiff's burden of demonstrating to this Court that the insurer had no legitimate or arguable reason to deny its claim is a heavy one. *Blue Cross and Blue Shield of Mississippi v. Campbell*, 466 So.2d 833 (Miss.1984).

The case *sub judice* involves a dispute over the value of the claim, not a denial of coverage. As noted in *Tutor*, 804 F.2d at 1395:

> [T]he Mississippi Supreme Court has been extremely reluctant to allow punitive damages in cases where the insurer did not deny coverage, but only disputed the amount of the claim or delayed payment. *See, e.g., Aetna Casualty & Sur. Co. v. Day*, 487 So.2d 830, 832–834 (Miss. 1986) (no punitive damages in case of dispute in coverage and delay in payment); *State Farm Mut. Auto. Ins. Co. v. Roberts*, 379 So.2d 321, 322 (Miss.1980) (award of punitive damages improper when insurer legitimately disputes the amount due under the policy); *see also Bellefonte Ins. Co. v. Griffin*, 358 So.2d 387, 391 (Miss.1978) (dispute over method of determining amount due under the policy did not entitle insured to punitive damages.)

Before a punitive damages claim is rightfully before the jury, the dispute between the parties must be more than a "legitimate pocketbook dispute." *Magee v. Sheffield Ins. Co.*, 673 F.Supp. 194, 198 (S.D. Miss.1987). In *State Farm Mut. Auto Ins. Co. v. Roberts*, 379 So.2d 321 (Miss.1980), the Mississippi Supreme Court reviewed a jury award of punitive damages where the insurance company offered the actual cash value of the automobile, but the insured sought the amount owed the bank. The Court held:

> A research of the record reveals nothing other than a legitimate pocketbook dispute between the parties as to the amount that was due for the demolished automobile, one claims the sum owed the

bank on the automobile and the other admitting coverage in the amount of its policy, the actual cash value of the automobile. In our judgment, these differences of opinion did not rise to the level of wanton, gross or intentional conduct in the nature of an independent tort. In the absence of such conduct, a punitive damages award cannot stand.

*Id.* at 322. *See also Cherry v. Anthony, Gibbs, Sage,* 501 So.2d 416 (Miss.1987) (punitive damages not assessable where insured insisted upon face amount of policy under insurance contract that provided for actual cash value of property); *Magee,* 673 F.Supp. 194 (summary judgment granted on issue of punitive damages where insurance company offered to pay actual cash value of policy); *Western Fire Ins. Co. v. Copeland,* 651 F.Supp. 1051 (S.D.Miss. 1987) (summary judgment granted on punitive damage issue following remand from Fifth Circuit where insurer and insured disputed amount of loss).

While "legitimate pocketbook disputes" generally have involved a dispute between the insured and insurer as to the amount that should be paid for property damage, this Court finds the doctrine equally applicable in personal injury claims. A personal injury claim includes various intangibles such as pain and suffering which render it much harder to evaluate than a static property damage claim. However, that does not render the insurer guilty of a bad faith denial of a claim simply because an insured believes her claim is worth more than the insurer offers. The offer must be, as a matter of law, "an intentional wrong, insult, abuse, or such gross negligence as to consist of an independent tort."

Without contradiction in the record, Nationwide conducted a reasonable investigation of Evangelista's personal injury claim. The insurance company received either at their own request or at the behest of counsel for plaintiff, updated medical reports, medical and hospital expenses, wage-loss verification, and other necessary information on a continuing basis. Evangelista, however, avers that punitive damages are an issue for the jury as there is a genuine question of material fact whether Nationwide has undertaken a realistic and fair evaluation of her claim and whether it has met its obligation to pay plaintiff all sums to which she is legally entitled for her bodily injury.

While Evangelista summarily argues that Nationwide breached its contract of insurance by refusing to pay her all sums to which she is legally entitled, the Court's own analysis reveals the lack of existence of a genuine issue as to legal entitlement. Further, the Court finds no violation of the insurance company's policy provisions or established Mississippi law. *See e.g. Banker's Life & Cas. Co. v. Crenshaw,* 483 So.2d 254 (Miss.1985) (punitive damages assessed against insurance company who denied coverage under policy provision contrary to established state law). The dispute therefore rests solely on the sufficiency of the settlement offer.

In view of the extent of Evangelista's injuries as alleged, the Court does not find Nationwide's offer of settlement for $12,-500.00 *per se* unreasonable. On the contrary, whether Nationwide's offer constituted an appropriate evaluation of plaintiff's personal injury claim presents a "classic jury question." As such, the offer carries the attendant finding that the offer was arguably reasonable. *See e.g. Szumigala v. Nationwide Ins. Co.,* 853 F.2d 274 (5th Cir.1988) (citing *Blue Cross & Blue Shield of Miss. v. Campbell,* 466 So.2d 833, 843 (Miss.1984)).

Therefore, as a matter of law, the dispute between the parties is nothing more than a "legitimate pocketbook dispute" which does not rise to the level of wanton, gross, or intentional conduct so as to warrant the imposition of punitive damages. *State Farm Mut. Auto Ins. Co. v. Roberts,* 379 So.2d 321 (1980).

For the foregoing reasons, Nationwide is entitled to summary judgment on the issue of punitive damages.

A Judgment in conformity with this Memorandum Opinion shall be submitted by Nationwide within ten days of this date.