**PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Plaintiff,**

v.

**Joanne MOHRMAN and Lanier Harper, Defendants.**

**Civ. A. No. 1:92–CV–454(R)(R).**

United States District Court,
S.D. Mississippi, S.D.

July 20, 1993.

Thomas E. Vaughn, Gulfport, MS, James M. Anderson, Jackson, MS, for plaintiff.

Richard M. Edmonson, Jr., Jackson, MS, for defendant Joanne Mohrman.

George Hite McLean, Greenwood, MS, Jeffrey M. Brown, La Jolla, CA, for defendant Lanier Harper.

## MEMORANDUM ORDER

DAN M. RUSSELL, Jr., District Judge.

This matter is before this Court on the Motion of the plaintiff, Prudential Property and Casualty Insurance Company (hereinafter "Prudential"), for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The original complaint filed in the above styled cause of action prays for a Declaratory Judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure.

## FACTS

On or about March 1, 1989, the defendant Lanier Harper (hereinafter "Harper") was operating his 1987 Mercury Topaz automobile on Mississippi Highway 4 approximately two miles east of Senotobia, Mississippi, traveling in an easterly direction. At that time, the defendant Joanne Mohrman (hereinafter "Mohrman") was a guest passenger in Harper's vehicle, both defendants being employees of Prudential. At approximately 3:20 p.m., a vehicle operated by Ida M. Childress (hereinafter "Childress") collided with the vehicle operated by Harper and occupied by both Harper and Mohrman.

At the time of the automobile accident, Prudential had issued a policy of insurance on Harper's 1987 Mercury Topaz, the policy number being 6A694822. The uninsured motorists coverage in Harper's policy provided for coverage of $300,000 per person/$300,000 per accident in maximum benefits. At the time of the motor vehicle accident, Harper and Mohrman were acting within the scope of their employment with Prudential Insurance.

Mohrman has received $25,000 as a settlement from the tortfeasor, Ida M. Childress. Mohrman also received $20,532 as the result of a settlement agreement with The Travelers Insurance Company, the Worker's Compensation carrier for Mohrman's employer, Prudential. Under the medical payments provision of Prudential's policy covering Harper's 1987 Mercury Topaz, the plaintiff has paid $15,686.88 in medical payments of January 18, 1983, on behalf of Mohrman.

Likewise, Harper has received $25,000 as a settlement from the tortfeasor, Childress.

As of January 18, 1993, Prudential has paid $45,813.65 in medical payments on behalf of Harper. Defendant Harper failed to file a claim for workmen's compensation benefits set by Mississippi law, and the plaintiff alleges that he therefore forfeited his right to file such a claim for worker's compensation benefits.

Plaintiff motions this Court to "declare that as a matter of law it is entitled to deduct from any uninsured motorist coverage benefits the amounts paid to the defendants from the tortfeasor's insurance carrier, the medical payments under the insurance policy in question, and any worker's compensation benefits received by the defendants."

## PROCEDURAL HISTORY

The plaintiff's complaint filed in this litigation on September 16, 1992, prays:

that the Court enter a declaratory judgment construing the insurance policy attached as Exhibit "A" under the facts in question and the law of the State of Mississippi, determining the respective rights and liabilities of the plaintiff, Prudential, and the defendants, Lanier Harper and Joanne Mohrman; [and] That the Court enter an Order staying the prosecution of any other legal action until such time as this adjudication is determined and, further, the plaintiff, Prudential, be awarded its costs and disbursements occurred herein, and such other, further relief as may be warranted in the premises.

Additionally, on September 16, 1992, the plaintiff filed the instant declaratory judgment complaint requesting that this Court

judicially interpret the insurance contract between Prudential and defendant Harper and to specifically address the issues raised by the plaintiff concerning deductions from uninsured motorist coverage benefits as a result of payments made under the medical payment provision, disability benefit provision, worker's compensation benefit provision, and the liability benefits paid on behalf of the uninsured motorist.

The plaintiff also requested that this Court "judicially interpret coordination of the cov-

erage and the coverage otherwise available to defendant Mohrman as a guest passenger."

On "January 27, 1993, the plaintiff filed its Motion for Summary Judgment arguing that, as a matter of law, Prudential is entitled to deduct from any uninsured motorist benefits payable under the policy any amounts received by the defendants from the tortfeasor's insurance company, any medical payments made under defendant Harper's policy, and any worker's compensation benefits." Prudential then filed an amended Motion for Summary Judgment,

> seeking an additional judicial determination that, as a matter of law, Prudential is not required to classify either defendant as Class I or Class II insureds for the purpose of distributing any benefits payable under the uninsured motorist portion of the insurance policy in question. Furthermore, Prudential seeks a judicial determination that defendant Lanier Harper, as the named insured, is not to be given preferential treatment with regard to any uninsured motorist benefits payable under the policy but that said benefits will be distributed equally between all insured.

This Court will now address the issues presented above.

## DISCUSSION

This Court asserts diversity jurisdiction pursuant to 28 U.S.C. Section 1331. The defendant Harper is an adult resident citizen of the State of California, while the defendant Mohrman is an adult resident citizen of Jackson, Mississippi. The plaintiff, Prudential, is a foreign corporation with its principal place of business located in the State of New Jersey. The matter in controversy exceeds the requisite sum of $50,000 exclusive of interest, attorney's fees, and costs. Additionally, this Court asserts federal question jurisdiction pursuant to 28 U.S.C. Section 1332 since the plaintiff has a federal cause of action under 28 U.S.C. Section 2201.

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In *St. Amant v. Benoit,* 806 F.2d 1294, 1296–97 (5th Cir.1987), the Fifth Circuit addressed the law as regards summary judgment and stated that "[t]he mere existence of a factual dispute does not by itself preclude the granting of summary judgment. '[T]he requirement is that there be no genuine issue of material fact.' *Anderson v. Liberty Lobby,* 477 U.S. [242], [248], 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original)." (citations omitted).

The Fifth Circuit has addressed when an issue is genuine.

> [A]n issue is genuine if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inferences in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of that party. If, on the other hand, the evidence offered by both the moving and opposing parties would support only one conclusion and, even if all the evidence to the contrary is fully credited, a trial court would be obliged to direct a verdict in favor of the moving party, the issue is not genuine.

*Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis,* 799 F.2d 218, 222 (5th Cir.1986) (footnotes omitted).

The United States Supreme Court further stated in *Liberty Lobby* that as to materiality, "[o]nly disputes over the facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby,* 477 U.S. at 248, 106 S.Ct. at 2510.

The Supreme Court has noted that the standard for summary judgment mirrors the standard for a directed verdict, the main difference between the two being when they are used, as the inquiry under each is the same. See *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Barebones allegations are insufficient to withstand summary judgment because the opposing party 'must counter factual allegations by the moving party with specific, factual disputes; mere general alle-

gations are not a sufficient response.' " *Howard v. Greenwood*, 783 F.2d 1311, 1315 (5th Cir.1986) (citing *Nicholas Acoustics & Specialty Co. v. H & M Construction Co., Inc.*, 695 F.2d 839, 845 (5th Cir.1983)).

█ It is uncontested that in Mississippi the parties to insurance contracts are clearly free to contract to amounts of coverage over and above the legally mandated minimums set by the uninsured motorist statute. The statutory minimums in Mississippi are $10,000 for bodily injury or death of one person in any one accident and $20,000 for bodily injury or death of two or more persons in any one accident. See Miss.Code Ann. Section 63–15–43 (1989).

The Mississippi Supreme Court in the case of *Casualty Reciprocal Exchange v. Federal Ins. Co.*, 608 So.2d 1258 (1992), found that companies could not contract away the $10,000/$20,000 minimum limits of liability imposed by Miss.Code Ann. Section 63–15–11. However, the parties were free to agree as they wished with regards to the amounts over and above the statutory minimums. Further, the Mississippi Supreme Court found that only the statutory required amounts of liability coverage were subject to "stacking."

█ It is also uncontested that the uninsured motorist claims by the defendants shall be offset by the amounts paid to the defendants by the tortfeasor. This Court having read the following cases agrees that the tortfeasor's payment to the defendants shall be deducted from the amount of uninsured motorist benefits owed. The Mississippi Supreme Court in *State Farm Mutual Automobile Ins. Co. v. Kuehling*, 475 So.2d 1159 (Miss.1985), found the clear language of State Farm's policy provided for offsets of the uninsured motorist coverage by amounts paid by the tortfeasor's carrier and that such language was controlling in the case. *Id.* at 1163. Therefore, Kuehling's entitlement to $20,000 payment from State Farm would be offset by the tortfeasor's payment of $10,000. *Id.* at 1161. The Mississippi Supreme Court also found that provisions regarding offsets were not contrary to the uninsured motorist statute; thus State Farm was bound to pay only the amount which constituted the differ-

ence between the policy limits available under the insured's policy and the amount received from the uninsured. *Id.* at 1163. See also, *Wickline v. United States Fidelity & Guaranty Co.*, 530 So.2d 708 (Miss.1988).

## Mississippi uninsured motorist law does not differentiate between Class I and Class II insured.

The plaintiff urges this Court to find that there will be no preference between the two defendants in collecting on the uninsured motorist benefits. With regard to uninsured motorist coverage Miss.Code Ann. Section 83–11–103(b) specifically defines "insured" as follows:

> The term "insured" shall mean the named insured and, while a resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses, with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies, and a guest in such motor vehicle to which the policy applies, or the personal representative of any of the above. The definition of the term "insured" given in this section shall apply only to the uninsured motorist portion of the policy.

The plaintiff asserts to this Court that although Miss.Code Ann. Section 83–11–103(b) "creates two classes of 'insured' under the uninsured motorist portion of an automobile policy, Mississippi law does not afford Class I insureds preferential treatment over Class II insureds when determining their respective rights and entitlements when a covered injury occurs." Class I insureds are the primary insureds who actually pay the premiums for coverage while the Class II insureds are the persons covered in isolated instances such as those in "guest passenger" status.

The Mississippi Supreme Court addressed the issue of whether or not a Class II insured was entitled to "stack" the uninsured motorist coverage held by the named insured under his automobile policy. In the case of *Brown v. Maryland Casualty Co.*, 521 So.2d 854 (Miss.1987), the court held there was no reason to distinguish between persons in-

sured and the policyholders who actually paid the premiums. *Id.* at 856. Therefore, in following the *Brown* decision, this Court shall treat Class II insureds the same as Class I insureds and allow the permissive driver to "stack" coverage.

The Mississippi Supreme Court considered the issue of whether a guest passenger, which is a Class II insured, could aggregate the owner's coverage on the owner's other vehicles. In the case of *Wickline v. United States Fidelity & Guaranty Co.*, 530 So.2d 708 (Miss.1988), the court first addressed the question of whether or not the guest passenger was in fact an insured under the policy issued by USF & G. The opinion written by Justice Prather stated:

> This Court's earlier cases talk too much of Class One and Class Two insureds. See, *Aetna Casualty & Surety Company v. Barker*, 451 So.2d 731 (Miss.1984); *Lowery v. State Farm Mutual Automobile Ins. Co.*, 285 So.2d 767 (Miss.1973). Careful study of those cases makes clear that this Court looked too much to the decisions of other states, particularly Virginia *AllState Insurance Co. v. Meeks*, 207 Va. 897, 153 S.E.2d 222 (1967) and too little to the language of the Mississippi statute. Recognizing that the statute controlled our decisions, this Court refined and clarified this state's law in the opinions in *Pearthree v. Hartford Acci. & Indem. Co.*, 373 So.2d 267 (Miss.1979) and most recently in *Brown v. Maryland Casualty Co.*, 521 So.2d 854 (Miss.1987).
>
> It is now clear that the question is purely and simply one of reading the statutes as written. First, who is an "insured"? There is no natural law definition of insured in uninsured motorist law, nor are we concerned with what the law ought to be. The judicial eye reads only the positive command of the statute. In relevant part Section 83–11–103(b) defines "insured" as "a guest in such motor vehicle to which the policy applies, or the personal representative of [such guest]."

*Wickline*, 530 So.2d at 714.

The *Wickline* court stated that the Mississippi Uninsured Motorist Act provides that "all classes [sic] statutory insureds may re-cover from the uninsured motorist insurer all amounts he or she may be entitled to recover as damages from the uninsured motorist," thus determining that the guest passenger was "insured" and could therefore stack the owner's coverage on his other vehicles. *Id.* at 715. See also *Curry v. Travelers Indem. Co.*, 728 F.Supp. 1299 (S.D.Miss.1989).

■ Therefore, in light of Miss.Code Ann. Section 83–11–103(b) and the *Brown* and *Wickline* decisions cited supra, Mohrman, as a guest passenger, is insured under the uninsured motorist portion of Harper's policy issued by Prudential and is entitled to receive an equal share of any uninsured motorist benefits. Therefore, Harper is not entitled to receive any uninsured motorist benefits covering his damages before Mohrman receives any such benefits. Furthermore, Harper is not entitled to receive any greater portion of the uninsured motorist benefits under the policy simply because he is the named insured. The uninsured motorist benefits payable under the policy issued to Harper will be prorated between all insureds.

### Defendant Mohrman's Position

■ The defendant Mohrman's position is that Prudential should not be entitled to offset amounts payable under the medical payments portion of the policy in question from uninsured motorist coverage benefits payable under the same policy. Mohrman concedes the payments received by her from the tortfeasor and the settlement of her worker's compensation claim can be offset against the uninsured motorist coverage benefits available under the policy in question. However, Mohrman avers that a separate premium was paid for medical payment coverage under the policy in question and should not be offset against her uninsured motorist entitlement.

Defendant Mohrman has received $25,000 from the tortfeasor, $20,532 as a lump sum settlement from her employer's worker's compensation carrier, and as of January 18, 1993, Prudential has paid $15,686.88 in medical payments on her behalf. Therefore, Prudential alleges a set off in the amount of $61,218.88 would not reduce the uninsured

motorist benefit payable to Mohrman below the statutory minimum of $10,000/$20,000.

The question of whether an automobile insurance policy may provide for a reduction of supplemental uninsured motorist benefits because of worker's compensation received by the beneficiary was addressed in the case of *Porter v. Shelter General Ins. Co.*, 678 F.Supp. 151 (S.D.Miss.1988). The district court found the uninsured motorist law of Mississippi requires that $10,000 minimum in uninsured motorist coverage that cannot be reduced by other benefits. However, parties are free to contract for uninsured motorist coverage over and above the statutory minimum. *Id.* at 152 citing Miss.Code Ann. 83–11–101 (Supp.1986).

The part of the subject policy pertaining to medical payments states as follows:

> Part II. Medical Payments.—If you are injured in a car accident ... our obligations to you (Part II) Medical payment coverage if **you** have this coverage (see the declarations), **we** will pay up to **our** limit of liability for an insured's reasonable expenses for necessary medical and funeral services which result from a **car** accident covered under this part. **We** will pay only those expenses incurred within three years of the accident.

See policy at page 10. There is no mention nor cross-reference in this provision to the uninsured motorist coverage.

The defendant Mohrman is not asking the Court for "double medical payments" under the policy in question. Instead, she is asking the Court to compensate her under the uninsured motorist benefit for damages set off by the tortfeasor's and worker's compensation settlement. Mohrman argues that in allowing Prudential to offset the uninsured motorist coverage by the amount of previously paid medical payments the Court will be allowing Prudential to "avoid its contractual obligation by effectively reducing the insurance coverage for which Lanier Harper was charged a premium and for which he paid."

It is clear from the policy premiums paid by Harper that the payments for medical coverage and the payments for uninsured motorist coverage were separate. Harper paid a premium of $24 every six months for medical payments in the amount of $75,000 per person, and Harper paid a premium in the amount of $33 every six months for uninsured motorist coverage.

In conclusion, this Court finds that Mohrman's medical expenses shall not be offset against her claim to uninsured motorist benefits. Her claim will, however, be offset by the amount paid to her by the tortfeasor and her worker's compensation entitlement.

### Defendant Harper's Position

■ Harper's position is outlined in his response in opposition to the plaintiff's Motion for Summary Judgment in which he states the following:

> [Harper] does not contest Prudential's contractual right, according to the specific, clear, and unambiguous terms of the instant policy, to offset the uninsured motorist coverage by liability benefits previously received by the defendants through Ida Childress's insurance policy; nor does Harper contest Prudential's contractual right to reduce the uninsured motorist coverage by worker's compensation and/or disability benefits actually recovered by either defendant.

However, Harper does object to Prudential's limitation of the subject insurance policy to reduce its coverage under the uninsured motorist provision by "(1) payments made to the defendants under the medical payments provision of the instant policy, and (2) as pertaining to Harper's individual worker's compensation benefits he could have recovered."

This Court has addressed the issue of the medical payments offsetting the uninsured motorist above and holds the same found to be true for defendant Mohrman to be true for defendant Harper. This Court therefore adopts the aforementioned finding and hold Prudential is estopped from offsetting Harper's medical payments from the uninsured motorist rightfully owed. This Court will now address the issue of whether Harper's unrecovered but recoverable worker's compensation payments shall be deducted.

Prudential argues they are also entitled to offset Harper's uninsured motorist benefit by the amount Harper would have received from

his employer's worker's compensation carrier had he timely filed his claim for benefits. Prudential asserts that Harper's failure to timely file a claim for worker's compensation benefits should not be held against the plaintiff, Prudential. Further, in the event a reduction is made for the benefits Harper could have or would have received from his employer's worker's compensation policy, the uninsured motorist coverage is still not reduced below the statutory minimum.

Harper further argues that "[w]hereas the policy declarations reasonably leaves the insured to believe that he is paying for separate medical payments in uninsured motorist coverage in the amounts represented therein, the limits of liability language within the uninsured motorist provision effectively assures that the insured party will never actually realize the $300,000 in uninsured motorist coverage he has supposedly paid for."

The uninsured motorist provision of the Prudential insurance policy issued to Harper provides, in pertinent part, the following clause:

Worker's Compensation or Similar Laws.

We will not pay for bodily injury to anyone when payment under this part duplicates benefits **recovered** under any worker's compensation law, disability law, or any similar law. (emphasis added).

Harper further argues that since this portion of the contract is ambiguous, it should be construed in the favor of the insured, the uninsured motorist coverage cannot be reduced by worker's compensation benefits that were never actually recovered by Harper for they are uncertain, and clearly, the language of the provision covers only worker's compensation benefits **actually recovered.**

Under the worker's compensation clause, the clear terms of the policy do not reduce the uninsured motorist coverage by worker's compensation or like benefits that an insured **could have recovered** for the language clearly states "benefits recovered **under any worker's compensation law.**" Therefore, this Court suggests the word "recovered" should be replaced with "recoverable" in or-

der to properly reflect the argued intentions of the insurer.

Harper asserts that albeit true the parties were free to contract with regard to the amount of uninsured motorist coverage over the statutory required amount, "Prudential should not be permitted to construe an adhesive, obscure, and ambiguous limitation provision in its favor and thereby deny Harper the full extent of coverage he purchased." Therefore, Harper "requests this Court to declare, as a matter of law, that the second sentence of the limitation provision within the uninsured motorist portion of the policy entitled 'Payments Reduced' conflicts with the separately stated policy coverage declarations and neither specifies nor limits what other types of policy payments can reduce the uninsured motorist coverage; as such, this provision is ambiguous."

The uninsured motorist provision of the Prudential insurance policy issued to Harper contains the following:

Payments Reduced.

Payments will be reduced by any amount payable by persons responsible for the accident. Payments under this part will also be reduced by any amount payable under this policy or by other sources.

The exception in the policy at issue in the case before this Court, Harper argues, is ambiguous for two reasons:

(1) Because the reduction of uninsured motorist coverage conflicts with the policy declarations; and (2) because the language of the reduction provision neither specifies nor limits what other types of policy payments can reduce the uninsured motorist coverage. Therefore, Prudential should be precluded from offsetting the uninsured motorist coverage by the medical payments already paid on behalf of the defendants.

The plaintiff argues to this Court that the "worker's compensation" clause and the "payments reduced" clause "make it clear that the parties to the insurance contract agreed to the reduction of any benefits payable under the uninsured motorist provision in the amount of benefits paid under other provisions of the policy, in the amount paid

from a worker's compensation carrier, and in the amount received from a tortfeasor." As shown, *supra*, Mississippi law permits such deductions as long as the uninsured motorist coverage is not reduced below the statutory minimums." This Court does not agree. It would be unconscionable to allow a contract to contain provisions which would inevitably cancel the majority of coverage the insureds believe they have paid for.

This Court finds that in this particular case, the uninsured motorist benefits shall not be offset by an unascertainable amount of unrecovered worker's compensation benefits. However, this Court is not starting a trend whereby injured employees become lazy and fail to seek worker's compensation benefits provided by their employers for this would create an undue burden on insurance companies, which would in return create higher premiums to be paid by all. This Court urges the insurance companies to clearly state their intentions for coverage in their policies. It has long been the law that contracts for insurance are to be interpreted in favor of the insured, and this Court has found the policy in question to be clear as to worker's compensation benefits offsetting recovery.

**Prudential had an arguable and legitimate reason for disputing the amount of uninsured motorist coverage benefits due to the defendants and did not act with gross and reckless disregard for the defendants' rights warranting an imposition of punitive damages.**

■ Punitive damages are considered to be an extraordinary remedy and are allowed in Mississippi "with caution and within narrow limits." *Life & Casualty Ins. Co. v. Bristow*, 529 So.2d 620, 622 (Miss.1988), quoting *Standard Life Ins. Co. v. Veal*, 354 So.2d 239, 247 (Miss.1977). Under Mississippi law in order to recover punitive damages for an insurer's bad faith refusal to pay a claim, the plaintiff must prove two things: (1) that the insurer had no legitimate or arguable reason to deny payment on the claim, and (2) that the insurer acted with gross and reckless disregard for the insured's rights so that it becomes a heightened tort. *Hall v. Allstate Life Ins. Co.*, 737 F.Supp. 1453, 1456

(N.D.Miss.1990), citing *Bristow*, 529 So.2d at 622; *Dunn v. State Farm Fire & Casualty Co.*, 927 F.2d 869, 872 (5th Cir.1991) (citations omitted); *Guy v. Commonwealth Life Ins. Co.*, 894 F.2d 1407, 1411 (5th Cir.1990); *McCann v. Gulf Nat. Life Ins. Co.*, 574 So.2d 654, 657 (Miss.1990).

■ The Fifth Circuit noted in *Dunn*, 927 F.2d at 873, that an insurer does not need to prove with certainty that the insured was not entitled to payment but only that it had a reasonable justification either in fact or law to deny payment. An arguable reason, as defined by the Mississippi Supreme Court, is as follows:

> An arguable reason is one in support of which there is some credible evidence. There may well be evidence to the contrary. A person is said to have an arguable reason for acting if there is some credible evidence that supports the conclusions on the basis of which he acts.

*Blue Cross & Blue Shield, Inc. v. Campbell*, 466 So.2d 833, 851 (Miss.1984).

On the issue of whether an insurer had an arguable basis to deny the insurance claim, the Fifth Circuit in *Dunn*, 927 F.2d at 873, applied the test set forth in *Blue Cross & Blue Shield v. Campbell*, which stated:

> Unless the trial judge grants a directed verdict to the insured plaintiff on the contract claim, then, as a matter of law, the insured's carrier has shown a reasonably arguable basis to deny the claim ... in the vast majority of cases.

466 So.2d at 843.

■ If the court should not find an arguable reason for denying the claim, punitive damages are not automatically warranted. *Bristow*, 529 So.2d at 622.

> The absence of an arguable reason ... does not lead inexorably to an assessment of punitive damages. This is because ... the substantive test for awarding punitive damages is the same in bad faith refusal cases as in other cases where punitive damages are sought. That test requires the plaintiff to show some wilful or malicious wrong or the gross or reckless disregard for the rights of others.

*Eichenseer v. Reserve Life Ins. Co.,* 682 F.Supp. 1355, 1363 (N.D.Miss.1988); See also *Bristow,* 529 So.2d at 622. ("In the absence of an arguable reason, the trial court still must determine whether there is a jury issue as to the insurers having committed a wilful or malicious wrong, or acted with gross and reckless disregard for the insured's rights. If not, the question of punitive damages should not go to the jury.")

▪ The Mississippi Supreme Court stated in *Employer's Mut. Casualty Co. v. Tompkins,* 490 So.2d 897, 906 (Miss.1986), the following:

> In our opinion the uninsured motorist provision in question is nothing more than a contract to be enforced in accord with its terms and public policy. If a breach occurs as the result of an intentional wrong, insult, abuse, or such gross negligence that an independent tort arises therefrom, then, in that event and only in that event, punitive damages may be awarded. The contingency being not the right to seek punitive damages but whether there are facts in which a conclusion can be safely reached that they are, in their grossness, the equivalent of an independent tort.

Punitive damages may not be awarded "in the absence of finding an independent tort separate from the breach of contract." *Id.* citing *Aetna Casualty & Surety Co. v. Day,* 487 So.2d 830, 832 (Miss.1986). The wrong complained of must not be merely an ordinary tort but must be one of a heightened nature, including "gross, callous, or wanton conduct, or . . . accompanied by fraud and deceit." *Bristow,* 529 So.2d at 622, quoting *State Farm Fire & Casualty Co. v. Simpson,* 477 So.2d 242, 250 (Miss.1985).

It is therefore the plaintiff's burden to show that there exists evidence from which a reasonable jury could find: (1) the defendant lacked a reasonably arguable basis to deny the plaintiff's claim, and (2) that the defendant acted with malice or such gross negligence as would evidence a reckless disregard for the rights of the plaintiff. *Hall,* 737 F.Supp. at 1456.

▪ In the instant case, the plaintiff has not completely denied benefits under the policy. In fact, medical payments were regularly made on both of the defendants' behalf, and Prudential is merely questioning whether or not benefits received from various other sources could be set off against the amounts due under the uninsured motorist provision of the policy. The plaintiff argues that Mississippi law with regards to worker's compensation and payments made from under medical provisions of the policy may be deducted from the uninsured motorist benefits. This is a settled issue. Therefore, the plaintiff further argues it had an arguable reason for denying the defendants' claim at this point in time.

In the case of *Dunn,* 927 F.2d 869 (5th Cir.1991), the Fifth Circuit noted that at the time when State Farm initially denied Mrs. Dunn's claim, the Mississippi Supreme Court had not yet decided the issue before the Court. *Id.* at 873. The Fifth Circuit held that State Farm was entitled to a court resolution of the undecided question of law to determine its liability without being punished for referring the question to the court. *Id.* Thus the plaintiff in the case at hand cannot be liable under Mississippi law for punitive damages for requiring the resolution of the legal issue. *Id.* at 874 citing *Gulf Guaranty Life Ins. Co. v. Kelley,* 389 So.2d 920, 923 (Miss.1980).

Again, there is no denial on the part of the plaintiff of medical coverage nor of coverage under the uninsured motorist policy held by Harper. It is simply a legitimate pocket book dispute involving the value of the claim opposed to the denial of coverage; thus Prudential's actions do not rise to the level of wanton, gross, or intentional conduct so as to warrant the imposition of punitive damages. See *State Farm Mutual Automobile Ins. Co. v. Roberts,* 379 So.2d 321, 322 (Miss.1980); *Evangelista v. Nationwide Ins. Co.,* 726 F.Supp. 1057, 1059 (S.D.Miss.1988); *Magee v. Sheffield Ins. Co.,* 673 F.Supp. 194, 198 (S.D.Miss.1987).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the uninsured motorist benefits owed by the plaintiff, Prudential, to the defendants Harper and Mohrman **shall** be deducted by the amount received by the tortfeasor and recovered worker's compensa-

442

tion benefits; however, the uninsured motorist entitlement **shall not be** offset by the medical payments made under a separate policy provision.

**IT IS FURTHER ORDERED AND ADJUDGED** that the unrecovered worker's compensation benefits available to but never recovered by Harper **shall not** be deducted from the amount of uninsured motorist benefit.

**FURTHERMORE, IT IS ORDERED AND ADJUDGED** that punitive damages shall be **denied.**

**SO ORDERED AND ADJUDGED.**