IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-30624

Summary Calendar

_____

CAROLA ANN HARTLEY, also known as Carola Ann Andrepont,

Plaintiff-Appellant,

versus

JOHN ANTHONY VALLIEN; ET AL,

Defendants,

JOHN ANTHONY VALLIEN; KENNETH VIDRINE; EMILY SUE DEVILLE; LARRY CALLIER; CITY OF OPELOUSAS; BARRY CARRIERE,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Western District of Louisiana

_____

(USDC No. 00-CV-1156)
December 3, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant, Carola Ann Hartley, appeals the district court's grant of summary judgment to defendant on all federal claims. Appellant argues that the district court did not allow enough time to

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complete discovery and properly defend the summary judgment motion, and that the district court erred in granting summary judgment as to her Fifth and Fourteenth Amendment claims arising from an alleged "takings" by the appellees. We disagree, and affirm the district court's grant of summary judgment.

## I.

The claims in this case arise from the events surrounding the dismissal of Hartley from employment by the City of Opelousas. Claims were filed by Hartley against numerous defendants on May 12, 2000, asserting numerous claims under 42 U.S.C. §§ 1981, 1982, 1983, 1985 and 1988 as well as under Title VII and state law. Hartley also asserted claims against the city for the actions of its employees for violation of the Fifth and Fourteenth Amendments of the U.S. Constitution for alleged takings without proper due process.

Hartley raises two issues on appeal. First, that the district court erred in not allowing sufficient time for discovery so that Hartley was not able to adequately defend against the appellees' summary judgment motion. Second, that the district court erred in granting summary judgment as to the Fifth and Fourteenth Amendment violations for "takings".

## II.

The facts surrounding the first issue begin after Hartley's suit was filed in May 2000. In late October 2000, defendants filed a motion to recuse Hartley's counsel, Christian Goudeau and Anne Watson, because they were material witnesses in the suit. The motion

was denied as premature, but the court stated that the motion could be reurged once evidence to support the motion was obtained. A Scheduling Order was entered on December 12, 2000, setting the deadline for discovery for July 12, 2001 (excluding discovery relating to the reliability or relevance of electronic aids which was set for August 13, 2001). In late December, 2000, defendants took the deposition of Hartley. At the end of the deposition, plaintiff alleges that defense counsel informed plaintiff's counsel that they were going to renew their motion for recusal, and plaintiff's counsel informed the defense that they would not oppose the motion to recuse.

On January 23, 2001 plaintiff gave the court notice to take the depositions of three defendants on February 21, 2001. These depositions were cancelled by the plaintiff some time around February 15, allegedly because of the impending recusal motion. In plaintiff's February 22, 2001 motion for an extension of the deadline to file a Rule 7(a) reply, plaintiff asserted that the extension was necessary because defense counsel had informed plaintiff's counsel that a motion to recuse was imminent and would be filed within the next week. Because of the impending recusal, plaintiff stated that the 30-day extension to file her reply "is necessary to afford Complainant time to secure counsel and allow new counsel, if the Motion to Recuse is granted, to submit a reply which new counsel will deem appropriate." In granting the motion for an extension on March

3

2, 2001, the court noted "No motion to recuse has been filed, nor is there any guarantee that it will be granted."

The second motion to recuse was filed on May 2, 2001 and granted on July 18, 2001. On July 12, the deadline for discovery, plaintiff's counsel filed a motion to postpone the deadline for discovery, citing the pending motion for recusal and the need for new counsel to have an opportunity to conduct discovery. This motion was denied on July 20, 2001, without prejudice to refiling by new counsel.

Defendants filed a motion for summary judgment on August 13, 2001. Plaintiff's new counsel filed a motion to enroll on August 16, and on August 23 filed a motion to extend the deadline for discovery, as well as an extension to respond to the summary judgment motion. The extension to respond to the summary judgment motion was granted, but the motion to postpone the discovery deadline was denied.

The court granted the defendants' motion for summary judgment on March 21, 2002, dismissing all federal law claims and declining to exercise jurisdiction over plaintiff's state law claims. Plaintiff sought a rehearing, raising the lack of opportunity to conduct adequate discovery. This motion was denied on May 14, 2002, and plaintiff appealed.

III.

We review the district courts denial of the motion to postpone the discovery deadline for abuse of discretion.[1] This court has stated:

> 'When the question for the trial court is a scheduling decision,...the judgment range is exceedingly wide....' We will *not* 'substitute our judgment concerning the necessity of a continuance for that of the district court', unless the complaining party demonstrates that it was prejudiced by the denial.[2]

Appellant correctly states that "adequate time" for discovery is an essential and necessary element to the granting of summary judgment.[3] However, appellant has failed to show that she lacked adequate time for discovery. The suit was filed in May of 2000, and the discovery deadline was set for July of 2001, more than a year later. During that entire time, appellant was represented by counsel who did not conduct a single deposition or submit a single interrogatory.

Appellant claims that her counsel cancelled scheduled depositions because defense counsel informed her counsel that a motion to recuse her counsel was going to be filed in the near future, and because it would be unopposed, recusal was imminent.

---

[1] *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549 (5th Cir. 2000).

[2] *Id.* (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1193, 1194 (5th Cir. 1986).

[3] *See Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

5

Because recusal was "imminent," coupled with plaintiff's counsel not wanting "to subject Mrs. Hartley to any unnecessary fees or waste court time, Mrs. Hartley's attorneys felt it economically and judicially prudent to postpone the depositions of the Defendants until the recusal issue was settled."

This reason is not sufficient to justify appellant's inaction. As the district court noted in its March 2 order granting an extension to file their Rule 7(a) response, there was no recusal motion pending and there was no guarantee that it would be granted when filed. There was nothing to prevent appellant's counsel to continue to take discovery until they were recused, or to voluntarily remove themselves from the case. Appellant was aware of the possibility of recusal of her counsel since the first motion for recusal was denied as untimely in October 2000, and yet she took no action to retain new counsel or conduct discovery. After it became clear in December 2000 that a second recusal motion would be filed and would be unopposed, she still took no action. Finally, after the second motion to recuse was filed in early May, 2001, with more than two months remaining for discovery, she still took no action. Not until the day of the discovery deadline on July 12, 2001 did appellant take any action, and then it was to ask for a postponement of the discovery deadline.

While the "impending" recusal may have added some uncertainty to the future status of appellant's counsel, it in no way prevented them from conducting discovery. Nor did it prevent appellant from

retaining new counsel. Clearly, appellant had adequate time for discovery as is required by Rule 56 and this court. The fact that appellant failed to do so was completely within the control of the appellant. This is not a case where the defendant hindered attempts to conduct discovery by refusing to cooperate. The district court did not abuse is discretion in denying the motion to extend the deadline for discovery.

IV.

Appellant's second issue on appeal is that the district court erred in granting summary judgment to the defendants with regard to her Fifth and Fourteenth Amendment "takings" without due process claim.

The facts leading to her "takings" claim are as follows. Appellant had loaned numerous items to a city museum in Opelousas in the early 1990's and they had remained there until May 14, 1999 when appellant was terminated by the city. On that date, appellant tried to remove several items from the museum, but was told by her former superior both in person and in writing that she would have to provide "proper documentation or determination of ownership of the property." On May 20, 1999, appellant returned to the museum with affidavits asserting her ownership of the items. She presented the documents to the director of the museum and proceeded to remove the items. While removing the items, she was stopped by two police officers who stated that her affidavits were not sufficient documentation. When she refused to stop removing the items, she was arrested.

V.

We review a summary judgment *de novo,* viewing the evidence and inferences therefrom in the light most favorable to the nonmoving party.[4] "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[5]

A plaintiff couching a claim pursuant to the Fifth and Fourteenth Amendments for deprivation of property without due process must first prove she had a property right of which she was deprived. Once the due process clause is found to apply, the question becomes what process is required.[6] For the purposes of summary judgment, the district court assumed that appellant had a property right in the property at issue and focused its attention on the type of process provided for the return of the loaned property. We shall do the same.

The appellant asserts a claim that is procedural in nature. What is required by procedural due process is "not a technical

---

[4] *U.S. Fidelity & Guaranty Co. v. Wigginton*, 964 F.2d 487 (5th Cir. 1992); *Baton Rouge Building & Constr. Trades Council v. Jacobs Constructors, Inc.*, 804 F.2d 879 (5th Cir. 1986).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[6] *See Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 541 (1985).

conception with a fixed content unrelated to time, place and circumstances" and is "flexible and calls for such procedural protections as the particular situation demands."[7]

In the present case, the city possessed several pieces of property on loan to the museum from numerous individuals. The city provided appellant with a procedure for the return of her property which was necessary to protect the other property that was on loan. The procedure was contained in the letter of May 14 and stated:

> As per advice of the City Attorney, you are not allowed to remove property from the Opelousas Museum & Interpretive Center without proper documentation or determination of ownership of property. All efforts will be made to determine ownership as soon as possible. Once ownership is determined to be yours, it shall be returned.

Hartley argues that she presented affidavits of ownership to the Director of the Museum, Sue Deville, yet was declined permission to remove her property, and thus there was a taking of the property.

This argument fails. Although she presented affidavits to the director of the museum, there was no opportunity for the city to determine if the documentation established ownership, and was therefore proper. Who could make this determination for the city is not spelled out in the letter. However, appellant was aware that it was the head of the Department of Culture, Parks, Recreation and Tourism, her former supervisor, Kenneth Vidrine, who had given her the letter on May 14 and was the official acting on behalf of the city in the matter. The person to whom she gave the letter, Deville,

---

[7] *Gilber v. Homar*, 520 U.S. 924 (1997)(citations ommitted).

had called on Vidrine in the initial incident on May 14 and obviously was not the person who could make the decision for the city.

Appellant has offered no evidence that she has ever tried to offer the affidavits to Vidrine and been denied her property. Until plaintiff has given documentation of ownership to a proper city official and allowed that official to determine if the documents are sufficient, appellant has not exhausted the procedure provided. Until that procedure is exhausted, appellant cannot sustain a claim that her property was taken without due process. Therefore the grant of summary judgment is affirmed.

In conclusion, the district court did not abuse its discretion in denying the motion to postpone the discovery deadline. The summary judgment motion was properly granted with respect to appellant's Fifth and Fourteenth Amendment claims of taking without due process. The district court is AFFIRMED.